FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 11 2009

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**JOHN CHISM BAIL BONDS, INCORPORATED**                           **PLAINTIFF**

V.                         NO. 4-09-CV-0427 JLH

**BRUCE PENNINGTON, individually,**           This case assigned to District Judge HOLMES
**and in his official capacity as the elected Sheriff**   and to Magistrate Judge Deere
**of Saline County; RAY PENNINGTON, individually,**
**and in his official capacity as the jail administrator**
**for the Saline County Jail; KEN CASADY, individually,**
**and in his official capacity as the elected prosecutor of**
**Saline County 22ND Judicial District; JUDGE GARY ARNOLD/**
**SALINE COUNTY CIRCUIT COURT SECOND DIVISION;**
**JUDGE BOBBY MCCALLISTER/SALINE COUNTY CIRCUIT**
**COURT FIRST DIVISION; JUDGE MIKE ROBINSON/**
**BENTON DISTRICT COURT; JUDGE GRISHAM PHILLIPS/SALINE**
**COUNTY CIRCUIT COURT THIRD DIVISION; JUDGE ROBERT**
**HERZFELD/SALINE COUNTY CIRCUIT COURTFOURTH DIVISION;**
**JUDGE CURTIS RICKARD/BRYANT DISTRICT COURT and**
**SALINE COUNTY ARKANSAS**                                         **DEFENDANTS**

## COMPLAINT

Comes the Plaintiff, JOHN CHISM BAIL BONDS, INCORPORATED, by and through its attorney, Charles D. Hancock, of Hancock, Lane & Barrett, PLLC and for its Complaint against the Defendants herein, states and alleges:

I.

### Introduction

This action seeks monetary and injunctive relief against the several defendants for the following: **[a]** that some or all of the individual Defendants, acting individually and in their official capacities, deprived John Chism Bail Bonds, Incorporated of procedural and substantive due process in violation of the Fourteenth Amendment to the Constitution of the United States of America; **[b]** that some or all of the individual defendants, acting individually and in their official capacities, interfered with John Chism

Bail Bonds', Incorporated, contractual and business relations, and significantly interfered with its ability to perform its legal privilege to bond clients from jail in Saline County, **[c]** that some or all of the individual defendants, acting individually and in their official capacities, abused process in establishing orders and rules which effectively suspended John Chism Bail Bonds', Incorporated, ability to bond clients from jail in Saline County; causing monetary loss.

## II.

## Jurisdiction and Venue

1. Jurisdiction of the Court in invoked pursuant to 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1343 to redress deprivations of rights guaranteed by the Constitution of the United States, specifically the right to substantive and procedural due process guaranteed by the Fourteenth Amendment to the Constitution of the United States. John Chism Bail Bonds, Incorporated, invokes the pendant jurisdiction of this Court to hear and decide claims arising under State law.

2. Venue of this Court is proper pursuant to 28 U.S.C. 1391 (b) in that all of the conduct complained of herein occurred and all claims raised herein arose within the boundaries of the Eastern District of Arkansas.

## III.

## Parties

3. Plaintiff, John Chism Bail Bonds (JCBB), Incorporated, is an Arkansas Corporation with its principle place of business in Cabot, Lonoke, County, Arkansas; its president is Pamela Chism.

4. JCBB is a Professional Bail Bonding Company, which, at all times relevant to the complaint, had a license from the State of Arkansas through the Arkansas

2

Professional Bail Bondsman Licensing Board (Board) to act as a professional Bail Bond Company within the State of Arkansas. (Copy of license attached hereto).

**5.** At all times relevant to it complaint, JCBB had posted a letter of credit or certificate of deposit with the Board, approved by the Board as to form and sufficiency, in the minimum amount of $100,000.00, conditioned upon faithful performance of the duties of the license, as required by Ark. Code Ann. Sec. 17-19-205.

**6.** Bruce Pennington is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the elected Sheriff of Saline County, Arkansas.

**7.** Ray Pennington is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the Jail Administrator of the Saline County Jail in Saline County, Arkansas.

**8.** Ken Casady is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the elected Prosecuting Attorney of Saline County, Arkansas.

**9.** Judge Gary Arnold is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the elected Judge in Saline County, Arkansas, for the Second Division of the Circuit Court.

**10.** Judge Bobby McCallister is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the elected Judge in Saline County, Arkansas, for the First Division of the Circuit Court.

**11.** Judge Mike Robinson is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the elected Judge in Saline County, Arkansas, for the Benton District Court.

**12.** Judge Grisham Phillips is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the elected Judge in Saline County, Arkansas, for the Third Division of the Circuit Court.

**13.** Judge Robert Herzfeld is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the elected Judge in Saline County, Arkansas, for the Fourth Division of the Circuit Court.

**14.** Judge Curtis Rickard is an adult resident of Saline County, Arkansas, who at all times relevant to JCBB's complaint was the elected Judge in Saline County, Arkansas, for the Bryant District Court.

**15.** Saline County is a county in the State of Arkansas, United States of America.

## IV.

### Facts

**16.** Plaintiff's incorporate Paragraph Nos. 1 through 15, above, as though specifically set forth word-for-word and sets forth the following causes of action:

**17.** At all times relevant to JCBB's complaint, the several defendants had knowledge of the nature of JCBB's business and that JCBB was licensed by the State of Arkansas to act as Professional Bail Bond Company within the State of Arkansas.

**18.** At all times relevant to JCBB's complaint, persons who were taken into custody by either the Saline County Sheriff's Office or a police agency operating within Saline County were taken to the Saline County Jail for booking, and, if applicable, incarceration.

**19.** At some of the times relevant to JCBB's complaint, all bail bonds for persons incarcerated in the Saline County Jail were posted through and accepted by Saline County Sheriff deputies.

**20.** On January 5, 2009, Judge Gary Arnold, Judge Bobby McCallister, Judge Mike Robinson, Judge Grisham Phillips, Judge Robert Herzfled, and Judge Curtis Rickard signed an Order of the Court disallowing what the judges termed "credit bonding"; in effect, regulating the practice of bonding, intentionally interfering with JCBB business relations, and denying JCBB equal protection. (See order attached hereto).

**21.** As of June 5, 2009, the several defendants have refused to allow JCBB and/or its agents to bond clients and potential clients from the Saline County Jail – initially all clients, later amended to only disallowing the writing of bonds for felony clients.

**22.** The several defendants have agreed only to set Sheriff's bonds in all felony cases; in effect, suspending the license of JCBB.

**23.** At least one of the defendants caused the Bail Bond Company Call List to be removed from the Saline County Jail.

**24.** At the times complained of herein the defendants were acting under the authority and color of state law.

**25.** At all times relevant to the complaint JCBB was not in violation of any court order that would allow a temporary or permanent suspension of its license in Saline County – or any other county in Arkansas.

**26.** JCBB was not afforded notice or any other due process before its license was effectively suspended in Saline County.

**27.** The Arkansas Professional Bail Bondsman Licensing Board is the sole entity tasked with promulgating rules and regulating bail bondsman and bail bond companies in the State of Arkansas.

**28.** JCBB has a property interest in the license granted to it by the Board.

**29.** The actions taken by some or all of the defendants were pursuant to the policies, customs, and practices of Saline County or its agents.

**30.** The intentional actions of some or all of the defendants against JCBB were malicious and/or reckless.

## V.

### Causes of Action

**31.** Plaintiff's incorporate Paragraph Nos. 1 through 30, above, as though specifically set forth word-for-word and sets forth the following causes of action:

**32.** The actions and/or conduct of the defendants complained of herein constitute a violation of 42 U.S.C. Sec. 1983 (substantive and procedural due process).

**33.** The several defendants' actions violated JCBB's Fourteenth Amendment's protection of property and liberty.

**34.** That some or all of the defendants' actions described herein resulted in a violation of the Arkansas state claim for interference with contractual relationship or business expectancy.

**35.** That some or all of the defendants' actions described herein resulted in a violation of the Arkansas state claim for abuse of process.

## VI.

### Demand for Jury Trial

**36.** Plaintiffs demand a trial by jury.

## VII.

### Prayer for Relief

In consideration of the foregoing, Plaintiff, JCBB, after service of this Complaint upon the Defendants herein, prays the Clerk/Judge set this matter for an emergency hearing for injunctive relief, and trial by jury:

**(a)** Declaring that the acts and conduct of Defendants deprived Plaintiff of the right to substantive and procedural due process in violation of the Fourteenth Amendment to the Constitution of the United States;

**(b)** Declaring that the acts and conduct of Defendants continues to deprive JCBB of its constitutional protections, and issue injunctive relief allowing JCBB to continue its privilege to bond clients in Saline County;

**(c)** Declaring that the acts and conduct of the Judicial Defendants – specifically the January 5, 2009 (filed January 22, 2009) Order (and any like orders) violates Ark. Const. art. 4 Sec. 2 – separation of powers; the Judicial Defendants should be enjoined from promulgating orders regulating bail bond companies.

**(d)** Awarding Plaintiff actual and compensatory damages in an amount to be proved at trial;

**(e)** Awarding Plaintiff punitive damages against Defendants herein;

**(f)** Awarding Plaintiff his costs incurred in bringing this action, including reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

**(g)** Enjoining Defendants from any further acts or conduct of like nature;

**(g)** Awarding Plaintiff all other just and equitable relief to which he may be entitled as this Court deems just and proper.

**DATED** this 11th day of June 2009.

Respectfully submitted,

**John Chism Bail Bond, Incorporated**

By: ___/s/ Hancock___
Charles Daniel Hancock
Hancock, Lane & Barrett PLLC
610 East 6th Street
Little Rock, AR 72202
501.372.6400
501.372.6401 facsimile
hancock@hlblawfirm.com



## Arkansas Professional Bail Company License

*I, the Undersigned, Executive Director of the Arkansas Professional Bail Bondsman Licensing Board, do certify that*

### JC - John Chism Bail Bonds, Inc.

### Cabot, AR

*has submitted to me satisfactory evidence that it has complied with all the requirements of the laws of the State of Arkansas governing Bail Bond companies, and I further certify that it has authority to act as a Professional Bail Bond Company so far as it may be legally empowered.*

*This License must be returned to the Board in the event of Termination or Cancellation*

*License Expires on the 31st day of December, 2009*

**Dated 1/1/2009**

_Tommy Reed, Executive Director_



SALINE COUNTY
CIRCUIT CLERK

2009 JAN 22  AM 8:54

BY:_____

# 22ⁿᵈ JUDICIAL DISTRICT
# CIRCUIT AND DISTRICT COURTS

## Order of the Court

Come now, the Honorable Bobby McCallister, the Honorable Gary Arnold, the Honorable Grisham Phillips, the Honorable Robert Herzfeld, the Honorable Mike Robinson, and the Honorable Curtis Rickard, being well informed on the current procedure and law regarding bail bonds for criminal defendants prior to trial in this judicial district, do hereby find that A.C.A 17-19-301 makes no provision for the practice of "credit bonding," and do hereby find that all bail bondsmen bonding a defendant from the Saline County Detention Center shall collect the ten percent (10%) premium and the statutorily required fees before a defendant is released from the Saline County Detention Center "on bond" in accordance with A.C.A 17-19-301. The Sheriff shall be charged with documenting that the premium is paid before a defendant's release by obtaining the bondsman's signature on documents indicating the (10%) cash premium or property in equal value is in the possession of the bondsman. If the bondsman takes property in lieu of a cash premium, the bondsman shall write a description of the property taken, including serial numbers and any other identifying information, and the property's estimated value.

Should any bondsman be found in contempt of this order after a full hearing by the Courts of the 22ⁿᵈ Judicial District or be found to be guilty of a misdemeanor violation of A.C.A 17-19-301, his or her privilege to write bonds in this jurisdiction shall be forfeited.

It is so ordered on this 5 day of January, 2009

_____          _____
Circuit Judge Gary Arnold           Circuit Judge Grisham Phillips

_____          _____
Circuit Judge Bobby McCallister     Circuit Judge Robert Herzfeld

_____          _____
District Judge Mike Robinson        District Judge Curtis Rickard