**IN THE U.S. DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**JOHN CHISM BAIL BONDS, INCORPORATED**                                        **PLAINTIFF**

**V.**                              **NO. 4:09-CV-0427  BD- JLH**

**BRUCE PENNINGTON, individually,**
**and in his official capacity as the elected**
**Sheriff of Saline County;**
**RAY PENNINGTON, individually,**
**and in his official capacity as**
**the jail administrator for the Saline County Jail;**
**KEN CASADY, individually**
**and in his official capacity as the**
**elected prosecutor of Saline County**
**22nd Judicial District;**
**JUDGE GARY ARNOLD/Saline County**
**Circuit Court Second Division;**
**JUDGE BOBBY McCALLISTER/Saline County**
**Circuit Court First Division;**
**JUDGE MIKE ROBINSON/Benton District Court;**
**JUDGE GRISHAM PHILLIPS/Saline County**
**Circuit Court Third Division;**
**JUDGE ROBERT HERZFELD/Saline County**
**Circuit Court Fourth Division;**
**JUDGE CURTIS RICKARD/Bryant District Court**
** and SALINE COUNTY ARKANSAS**                                        **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Come now Defendants, Judge Gary Arnold, Judge Bobby McCallister, Judge Mike Robinson, Judge Grisham Phillips, Judge Robert Herzfeld, Judge Curtis Rickard, and Prosecuting Attorney Ken Casady, by and through Attorney General Dustin McDaniel and Assistant Attorney General Suzanne Hixson, and for their brief in support of their motion to dismiss do hereby state:

# I.   <u>INTRODUCTION</u>

On January 5, 2009, six judges of the 22nd Judicial District of the State of Arkansas signed an Order of the Court (Order) finding that all bondsmen who bond a defendant from the Saline County Detention Center shall collect a 10% premium and statutorily required fees before a defendant is released "on bond" in felony cases.  The Order, file-marked on January 22, 2009, tracks the requirements of Arkansas Rule of Criminal Procedure 9.2, Release on money bail. *(D.E. # 1 – Complaint, p. 10).*  Plaintiff, John Chism Bail Bonds, Incorporated (JCBB), alleges that the Order interferes with its business relations and its legal "privilege" to bond clients from jail in Saline County. *(D.E. # 1 – Complaint, pp. 1, 2).*  Plaintiff further contends the Order violates its rights to Equal Protection and Substantive Due Process.  *Id. pp. 1, 5, 6.*  Plaintiff also claims that to the extent the Defendants request or order sheriff's bonds instead of professional surety bonds, such action amounts to a suspension of its bonding license in Saline County without due process.  *Id.*  Finally, Plaintiff maintains that some or all of the Defendants violated Arkansas law by interfering with its contractual relationships or business expectancies.  *Id., pp. 1, 2, 6.*  Plaintiff seeks, *inter alia,* actual and compensatory damages, punitive damages, costs, and attorney's fees.  *Id.*

## II.  <u>SERVICE OF PROCESS</u>

Prosecuting Attorney Ken Casady was personally served with process on June 12, 2009.  None of the six judges named as Defendants in this lawsuit was properly served, but all six Judges have elected to waive service of process.

## III. <u>STANDARD OF REVIEW</u>

Rule 8 of the Federal Rules of Civil Procedure states:  "A pleading which sets forth a claim for relief ... shall contain... (1) a short and plain statement of the claim *showing that the*

*pleader is entitled to relief* ...." (Emphasis added).  Rule 12(b)(6) of the Federal Rules of Civil

Procedure states that defenses may be made by motion for failure to state a claim upon which

relief can be granted.  When analyzing a 12(b)(6) claim, the complaint's factual allegations are

accepted as true and viewed in the light most favorable to the plaintiff.  *Hanten v. The School*

*District of Riverview Gardens*, 183 F.3d 799 (8th Cir. 1999) (citing *Gordon v. Hansen*, 168 F.3d

1109, 1113 (8th Cir. 1999)).  But, the plaintiff's complaint should be dismissed " '. . . if it is clear

that no relief can be granted under any set of facts that could be proved consistent with the

allegations.' "  *St. Croix Waterway Association v. Meyer*, 178 F.3d 515 (8th Cir. 1999) (citing

*Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

## IV. <u>ARGUMENT</u>

**A.    Plaintiff's Claims Against The Judges Of The 22nd Judicial District Of Arkansas Should Be Dismissed Because The Claims Are Barred By The Doctrine Of Absolute Judicial Immunity.**

It is well-established that judges are absolutely immune from liability for acts taken in

conjunction with executing their judicial duties.  *See e.g., Clinton v. Jones*, 117 S.Ct. 1636, 1643,

fn. 18 (1997) (*citing Pierson v. Ray*, 386 U.S. 547, 554-555 (1967)).  In *Pierson*, The United

States Supreme Court spelled out the rationale for judicial immunity:

> [Judicial] immunity applies even when the judge is accused of acting
> maliciously and corruptly, and it 'is not for the protection or benefit of a
> malicious or corrupt judge, but for the benefit of the public, whose interest
> it is that the judges should be at liberty to exercise their functions with
> independence and without fear of consequences' . . . he should not have to
> fear that unsatisfied litigants may hound him with litigation charging
> malice or corruption.  Imposing such a burden on judges would contribute
> not to principled and fearless decision-making but to intimidation.

386 U.S. at 554-55 (citations omitted).

"Judges are absolutely immune from suit for money damages when they act in their

judicial capacity . . . ."  *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997) (citing *Duty v. City*

*of Springdale, Arkansas*, 42 F.3d 460, 462 (8th Cir. 1994)).  "Because some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."  *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).  Even an act in excess of jurisdiction will not deprive a judge of immunity.  *Id.*

Judicial immunity is absolute even in extreme and unusual circumstances, certainly not present in the instant case, where a judge acts in excess of jurisdiction or with malice.  *Duba v. McIntyre*, 501 F.2d 590, 591-92 (8th Cir. 1974) citing *Pierson,* 386 U.S. at 554).  *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."); *Brictson v. Woodrough*, 164 F.2d 107, 109 (8th Cir. 1947) ("Resting on considerations of public policy to the end that the administration of justice may be independent and based on the free and unbiased convictions of the judge, uninfluenced by apprehension of personal consequences, it is a general rule that, where a judge has jurisdiction over the subject matter and the person, he is not liable civilly for acts done in the exercise of his judicial function, even though he acts erroneously, illegally, or irregularly, or even corruptly."); *Mann v DeShields*, 2008 WL 1862308, * 2 (W.D. Ark. April 24, 2008) (holding that both judge and court clerk were absolutely immune from § 1983 suit).  Judicial immunity extends to *all* judges, including state court judges.  *See Mullen v. Galati*, 843 F.2d 293, 294 (8th Cir. 1988).  This broad immunity is

not merely a defense to liability, but rather provides the judicial official with absolute immunity from suit. *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985).

Defendants Arnold, McCallister, Robinson, Phillips, Herzfeld, and Rickard are Arkansas state court judges.  They are absolutely immune from both suit and liability for the conduct complained of in Plaintiff's complaint.  Consequently, the present action against them for money damages and attorney's fees must be dismissed for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.      Plaintiff's Claim Against Prosecuting Attorney Casady Should Be Dismissed Because Prosecuting Attorneys Are Entitled To Absolute Immunity From Suit For Conduct Taken In Their Role As Advocates For The State.**

Both the United States Supreme Court and the Eighth Circuit have recognized that prosecutors are absolutely immune from suit for any conduct that is taken in their role as advocates for the state. *See e.g., Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Prosecutors are immune even if a constitutional violation is alleged.  *Id.*  Prosecutorial immunity is not merely a defense to liability but rather a complete bar to damage suits.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In *Imbler*, a man convicted of murder and sentenced to death sought federal habeas relief, contending that a prosecutor had knowingly used perjured testimony at trial and had withheld exculpatory evidence from Imbler.  *Imbler*, 424 U.S. at 413.  A district court granted Imbler's habeas petition, finding that that the prosecution's conduct amounted "to the culpable use by the prosecution of misleading or false testimony" and the withholding of evidence favorable to Imbler.  *Id.* at 414-15.  Imbler subsequently filed an action under 42 U.S.C. § 1983 against the prosecutor and several police officers, alleging they unlawfully conspired to wrongfully charge and convict him.  *Id.* at 415-16.  Confirming the broad immunity of prosecutors, the United

States Supreme Court held that the prosecutor in *Imbler* was entitled to absolute immunity from suit. *Id.* at 430-31.  The Court emphasized that a prosecutor is not stripped of this immunity even in circumstances where it is alleged that he performed his duties maliciously, dishonestly, or in violation of the Constitution *Id.* at 427.  The purpose of absolute prosecutorial immunity is to protect the prosecutor as a key participant in the criminal justice process, recognizing that it is "better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Id.* at 428 (citations omitted).

Given the United States Supreme Court's holding in *Imbler*, there can be no doubt that Prosecutor Casady in entitled to immunity from suit here, where the Plaintiff has made no allegation of specific wrongdoing by the prosecutor let alone any claim of malice.  At most the present complaint states legal conclusions without support in specific facts.  In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), the United States Supreme Court recently reiterated that a complaint that makes legal contentions without stating facts that could support such contentions must be dismissed. *Id.* at 1950.

Because Prosecutor Casady is absolutely immune from suit for damages arising from the exercise of his official role as advocate for the State, and because the complaint makes no specific allegation of wrongdoing against him, the present action against him for money damages and attorney's fees must be dismissed for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**C.    Plaintiff's Claims Against The Judges And Prosecuting Attorney Of The 22nd Judicial District Of The State Of Arkansas Should Be Dismissed Because Employees Of The State Of Arkansas Sued In Their Official Capacities Are Entitled To Sovereign Immunity.**

Plaintiff's claims against Defendants Arnold, McCallister, Robinson, Phillips, Herzfeld, Rickard, and Casady in their official capacities as employees of the 22nd Judicial District of the

State of Arkansas are barred by the doctrine of sovereign immunity.  Because the Judges and Prosecutor are employees of a State agency, this suit is in effect a suit against the State of Arkansas.  The Eleventh Amendment to the United States Constitution bars suits brought in federal court by an individual against a state.  *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, (1996).

D.     **Plaintiff's Claims Against The Judges And Prosecuting Attorney Of The 22nd Judicial District Of The State Of Arkansas Should Be Dismissed Because State Employees Sued In Their Individual Capacities Are Entitled To Qualified Immunity.**

Judges Arnold, McCallister, Robinson, Phillips, Herzfeld, Rickard, and Prosecuting Attorney Casady are employees of the State of Arkansas and thus have qualified immunity from suit in their individual capacities.  Qualified immunity is a question of law.  A defendant acting on behalf of the State is entitled to immunity from allegations of constitutional wrongs unless the particular constitutional right alleged was firmly established in law and unless the "contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Anderson v. Creighton*, 483 U.S. 635 (1987).  Because A.C.A. 17-19-301 makes no provision for the practice of "credit bonding", because Ark.R.Crim.P. 9.2(b)(ii) authorizes the execution of an unsecured bond in an amount specified by the judicial officer accompanied by a deposit of cash or securities equal to 10% of the face amount of the bond, and because A.C.A. 16-84-102 and A.C.A. 16-81-109 authorize a sheriff or other law enforcement officer to take bail, there can be no doubt that the Judges and Prosecuting attorney fully performed their official duties in a completely lawful and constitutional manner.  Therefore, they are entitled to qualified immunity and the claims against them should be dismissed.

**E.     This Court Should Abstain Pursuant to the *Younger* Doctrine.**

As noted, the case should be dismissed on any one of the independent grounds discussed

above.  In addition, this Court should abstain under the doctrine enunciated in *Younger v. Harris*,

401 U.S. 37, 91 S.Ct. 760 (1979):

> "[T]he notion of 'comity,' that is, a proper respect for state
> functions, a recognition of the fact that the entire country
> is made up of a Union of separate state governments, and
> a continuance of the belief that the National Government
> will fare best if the States and their institutions are left
> free to perform their separate functions in their  separate
> ways...What the concept does represent is a system
> in which there is a sensitivity to the legitimate
> interests of both State and National Governments, and
> in which the National Government, anxious though it
> may be to vindicate and protect federal rights and
> federal interests, always endeavors to do so in ways that
> will not unduly interfere with the legitimate  activities of
> the States."

*Younger v. Harris*, 401 U.S.37 at 44.

The Supreme Court has repeatedly recognized that the States have important interests in

administering their judicial systems.  *Pennzoil Company v. Texaco, Inc.*, 481 U.S. 1, 12, 13, 107

S.Ct. 1519 (1987).  For example, in *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211 (1977), the

Supreme Court held that a federal court should have abstained from adjudicating a challenge to a

State's contempt process.  Arkansas' interest in the operation of its judicial system is clearly

equally as important as the interest of the state discussed in *Juidice*. The entry and enforcement

of the January 5, 2009, Order of the Court should be left to the Judges of Saline County in the

first instance and to the Arkansas state court system in general.  Because Arkansas has a vital

interest in the operation of its judicial system, this Court should abstain from hearing Plaintiff's

attacks on state court proceedings.

**F.      Because The Setting Of Bond Is Within The Court's Discretion And Because Plaintiff's Ability To Bond Clients From Jail Is Not A Right But A Privilege, Plaintiff Fails To State A Claim For Relief.**

Plaintiff asserts that it has a legal right or privilege to bond clients from jail in Saline County. *(D.E. # 1 - Complaint p. 2).*   However, neither the Arkansas Rules of Criminal Procedure nor any other source of law gives any bail bondsman any right or legally enforceable privilege to post bond for an arrestee in any particular case.   Release of an arrestee prior to the first appearance is completely discretionary on the part of the judicial officer and Plaintiff has no right or privilege in the matter.   In *United Bonding Co. v. Johnson*, 293 Ark. 467, 739 S.W. 2d 147 (1987), for example, the Arkansas Supreme Court discussed that admission to bail is a discretionary matter within the authority of the State's trial courts.   Plaintiff's allegation that the January 5, 2009, Order of the Court interferes with its legal privilege to bond felony clients in Saline County fails as a matter of law to state a claim upon which relief can be granted and the complaint should be dismissed.

**G.     Because Sheriff's Bonds Are Authorized By Ark.R.Crim.P. 9.2, A.C.A. 16-84-102, And 16-81-109, Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted.**

Pursuant to Ark.R.Crim.P. 8.1, an arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay.   Pursuant to Ark.R.Crim.P. 8.3, the judicial officer shall decide the question of the defendant's pretrial release by first determining by an informal hearing whether there is probable cause of detaining the arrested person pending further proceedings.   After a pretrial release inquiry, as required to Ark.R.Crim.P. 8.5, should the judicial officer determine that money bail should be set, pursuant to Ark.R.Crim.P. 9.2(b) the judicial officer shall require one of the following:

> (i) the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;

(ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten percent (10%) of the face amount of the bond.  Ninety percent (90%) of the deposit shall be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or

(iii) the execution of a bond secured by the deposit of the full amount in cash, or by other property, or by obligation of qualified sureties.

A.C.A. 16-84-102 and A.C.A. 16-81-109 explicitly authorize a sheriff or other law enforcement officer to take bail.  Pursuant to Ark.R.Crim.P. 9.2(b)(ii), a defendant who is ordered by a judicial officer to post an unsecured bond in an amount specified by the judicial officer (sheriff's bond) must deposit 10% of the face amount of the bond in cash or securities. The requirement of a 10% cash deposit imposes a personal investment in the bond.  Moreover, because 90% of the cash deposit shall be returned to the defendant at the end of the proceedings, provided he has not defaulted, sheriff's bonds may be less restrictive than professional surety bonds.  Because the use of sheriff's bonds is authorized by the Arkansas Rules of Criminal Procedure and because sheriffs are authorized to take bail pursuant to A.C.A. 16-84-102 and A.C.A. 16-81-109, Plaintiff failed to state a claim for relief and the Complaint should be dismissed.

**H.    Neither The Arkansas Rules of Civil Procedure, Nor A.C.A. 17-19-301, Nor Any Other State Law Provides For Credit Bonding, Thus Plaintiff's Complaint About Credit Bonding Fails To State A Claim Upon Which Relief Can Be Granted.**

The Arkansas legislature has mirrored the terms of Rule 9.2(b)(ii) in stating that the premium or compensation for giving bond or depositing money or property as bail on any bond shall be ten percent (10%).  A.C.A. 17-19-301. That statute specifically provides: "[T]he premium or compensation for giving bond or depositing money or property as bail on any bond *shall be ten percent (10%)*".  A.C.A. 17-19-301(a). *(emphasis added).*

Both the Eighth Circuit and the Arkansas Supreme Court follow the same first principle of statutory construction: to give effect to the intent of the legislature.  *Kifer v. Liberty Mut. Ins. Co.*, 777 F.2d 1325, 1332 (8th Cir. 1985).  *See Arkansas State Highway Commission v. Mabry*, 229 Ark. 261, 266, 315 S.W.2d 900, 904-05 (1958).  Where a term in a statute is clear and unambiguous, it will be given its ordinary meaning.  *Design Professionals Ins. v. Chicago Ins., Co.*, 454 F.3d 906, 910 (8th Cir. 2006) *citing Cash v. Arkansas Comm'n on Pollution Control & Ecology*, 300 Ark. 317, 320, 778 S.W.2d 606, 607 (1989).  The plain words of A.C.A. 17-19-301 provide for an arrestee who is granted bail to post 10% of the face amount of the bond.  The Order of the Court attacked by the Plaintiff did no more than restate the requirements of A.C.A. 17-19-301 and Rule 9.2 of the Arkansas Rules of Criminal Procedure.  Because Plaintiff's complaint, on its face, does not demonstrate any manner in which the action of the Defendants violated the law or Plaintiffs' constitutional rights, the complaint fails to state a claim upon which relief can be granted and should be dismissed.

I.      **Because The Order Of The Court Is Rationally Related To A Legitimate State Interest, Plaintiff Has Failed To State A Claim For Denial Of Equal Protection Or Substantive Due Process.**

By Order of the Court dated January 5, 2009, the six defendant judges, being well informed on the current procedure and law regarding bail bonds for criminal defendants prior to trial in the 22nd Judicial District of the State of Arkansas, found that all bail bondsmen bonding a defendant from the Saline County Detention Center, shall collect the ten percent (10%) premium and statutorily required fees before a defendant is released on bond in accordance with A.C.A. 17-19-301.  *(D.E. # 1 – Complaint, p. 10).*  The Order charges the sheriff with documenting that the premium is paid before a defendant's release by obtaining the bondsman's signature on the documents indicating the ten percent (10%) cash premium or property of equal value is in the

possession of the bondsman.  The Order treats all bondsmen equally.  Although no bondsman was named or otherwise singled out for special treatment, Plaintiff alleges the Order denies Equal Protection to JCBB.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007), the United States Supreme Court held the Court was not bound to accept as true mere legal conclusions stated in a plaintiff's complaint.  In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 at 1950, the Supreme Court reiterated that legal conclusions must be supported by specific factual allegations that would entitle the Plaintiff to prevail.  Because Plaintiff's Equal Protection claim is wholly unsupported by facts showing that Plaintiff has been treated any differently from any other similarly situated person or company, it should be dismissed in accordance with Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted.

In any event, Plaintiff has not and cannot establish that Defendants did not have a rational basis for their decision.  Where no suspect classification is involved, a state official's decision will be upheld so long as the Court can conceive of any rational basis for the official's decision. *Vacco v. Quill*, 521 U.S. 793, 799 (1997).  There was clearly a rational basis for the Judges' action here, i.e., to faithfully uphold A.C.A. 17-19-301 and Rule 9.2 of the Arkansas Rules of Criminal Procedure in the Courts of the 22nd Judicial District of the State of Arkansas.  *(D.E. # 1 – Complaint, p. 10).*

Plaintiff's Substantive Due Process claim fails for the same reasons that defeat its Equal Protection Claim.  Not only has Plaintiff failed to state sufficient facts to support a Substantive Due Process claim as required under the holdings in *Twombly* and *Iqbal*, a rational basis that survives Equal Protection scrutiny also satisfies Substantive Due Process analysis.  *Minnesota v. Clover Leaf Creamery Co*., 449 U.S. 456, 470 n. 12 (1981); *Independent Charities of America, Inc. v. Minnesota*, 82 F.3d 791, 798 (8th Cir. 1996).

Furthermore, because the January 5, 2009, Order of the Court is rationally related to a legitimate state interest, Plaintiff's unsupported allegation that Defendants "abused process" in establishing the Order likewise fails.  Because the Order accurately reflects A.C.A. 17-19-301 and because the Order is rationally related to a legitimate State interest, it does not violate Plaintiff's right to Equal Protection or Substantive Due Process.  Therefore, the complaint should be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

**J.    Because Arkansas Courts Have Authority Over Bail And The Terms Of Bonds Posted In Their Courts, Plaintiff Has Failed To State A Claim For Relief.**

In *Jones v. Phillips*, 2008 U.S. Dist. LEXIS 17209*, Plaintiff Bernard Jones, a pretrial detainee at the Hempstead County Detention Facility, brought a § 1983 civil rights lawsuit alleging a violation of his constitutional right to post bond.  Jones contended that his bondsman of choice was not allowed to post bonds at the Hempstead County Detention Facility and that Defendant, Captain Louise Phillips, denied the efforts of Jones' chosen bondsman to post bond for him.  The District Court held that Arkansas Courts may regulate the business of bail bondsmen posting bonds before them, citing *United Bonding Co. v. Johnson*, 293 Ark. 467, 739 S.W. 2d 147 (1987).  The Court granted Defendant  Phillips' Motion for Summary Judgment, because given the wide discretion of the trial court Jones could not establish that any of his constitutional rights were violated.

In the *United Bonding* case relied upon by the federal district court in *Jones v. Phillips,* the Craighead County Sheriff issued a directive to his staff not to accept bail bonds from a particular bail bondsman, because the sheriff had reason to believe that an agent of the bondsman had bribed a sheriff's office employees.  The Judge of the Municipal Court of Jonesboro issued a similar directive to all employees of the Municipal Court.  The bail bondsman petitioned the Craighead County Circuit Court for a Writ of Mandamus to compel the sheriff and court to

accept bail bonds from him.  The Circuit Court held that the actions taken by the appellees were within their discretionary authority and denied the writ.  The Arkansas Supreme Court agreed and denied a Writ of Mandamus.

Likewise, in *Miller v. Pulaski County Circuit Court*, 284 Ark. 55, 679 S.W.2nd 187 (1984), a bail bondsman argued that judges of the Pulaski County Circuit Court did not have authority to issue an Order regarding the posting of bonds in their courts.  The Arkansas Supreme Court held that the passage of the general licensing act that vested administrative and regulatory authority in the Insurance Department did not conflict with the authority given the courts by Act 268 of 1959 to regulate the business of bondsmen in the courts.  The Court also took notice of the judges' inherent power to promulgate rules or order for the conduct of their courts.  *See Widmer v. Kennedy*, 243 Ark. 527, 421 S.W. 2d 609 (1968).  *See also* A.C.A. 16-13-204(b) (granting  circuit courts  power to issue all writs, orders, and process which may be necessary in the exercise of their jurisdiction).  Because courts may regulate the business of bail bondsmen posting bonds before them and because circuit courts and their judges have the power to issue orders and process which may be necessary in the exercise of their jurisdiction, Plaintiff has failed to state a claim for relief and the complaint should be dismissed.

**K.**   **Plaintiff's Claim That Its Bonding License Was Effectively Suspended In Saline County Without Notice Or Process Is Ludicrous, Thus Its Procedural Due Process Claim Should Be Dismissed.**

Plaintiff alleges Defendants have effectively suspended JCBB's license in Saline County without due process. *(D.E. # 1 – Complaint, p. 5, ¶ 22 and ¶ 26).*  However, Plaintiff concedes that it continues to do business in misdemeanor cases in Saline County.  Moreover, as discussed above, admission to bail is a matter confided by law entirely to the discretion of the court; Plaintiff has no legal claim to any particular bail bond business.   *See* Ark.R.Crim.P. 9.2.

Plaintiff's claim that its bonding license was suspended in Saline County is not supported by any facts, and, in any event, is demonstrably false. Ark.R.Crim.P. 9.2(b)(ii), A.C.A. 16-84-102, and A.C.A. 16-81-109 authorize a judicial officer to order, in its discretion, that bond be posted with the sheriff rather than with a private bonding company. Furthermore, Plaintiff does not even allege that any action has officially been taken regarding its license. Because Plaintiff's bonding license was not suspended in Saline County, no taking occurred. Because Plaintiff failed to state a claim for denial of Procedural Due Process, the complaint should be dismissed.

**L.     Plaintiff Failed To State A Claim For Interference with Contractual and Business Relations.**

Plaintiff claims that some or all of the Defendants interfered with JCBB's contractual and business relations. *(D.E. # 1 – Complaint, pp. 1, 2, 6).* Once again, Plaintiff states legal conclusions unsupported by specific facts. As the United States Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions[s]" devoid of "further factual enhancement." *Id*., at 557. Plaintiff has failed to point to any specific contract that was impeded or impaired. Merely naming defendants in the style of a complaint is insufficient to state a claim against them. *See Kuhn v. Milwaukee County, et al., 59 Fed.Appx. 148, 2003 WL 463474 (C.A.7 (Wis.))).* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. Because Plaintiff's complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face with respect its allegation of tortious interference with contractual relationships, the claim should be dismissed in accordance with Fed.R.Civ.P. 12(b)(6).

M.     **Plaintiff Failed To State A Claim For Injunctive Or Declaratory Relief.**

Plaintiff also mentions in its Complaint declaratory and injunctive relief.  Because, as discussed above, Plaintiff's Complaint fails to state any constitutional or legal claim upon which relief can be granted, Plaintiff is not entitled to such relief either on a temporary or permanent basis.

A court must consider the following factors when reviewing a motion for a preliminary injunction:  "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  Although "no single factor is determinative[,]" *Id.* at 113, "one moving for a preliminary injunction is required to show the threat of irreparable harm[,]" *Modern Computer Systems, Inc. v. Modern Banking Systems, Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (en banc).  Thus, since the Plaintiff is the party seeking the injunction, it has the burden of establishing each of these factors. *Id.* at 737.

In the instant case, Plaintiff has failed to prove it has suffered *any* immediate, great, irreparable "wrong" meriting federal injunctive intervention, much less that it is likely to suffer from the same "wrong" in the future.  Plaintiff's bonding license was *not* suspended in Saline County, "effectively" or otherwise.  By Plaintiff's own reluctant admission, JCBB may still write bail bonds in the 22nd Judicial District. *(D.E. # 1 – Complaint, p. 5).*  Because the granting of bond lies within the sound discretion of the judicial officer, Plaintiff has no control as to whether the judicial officer authorizes cash bonds, sheriff's bonds, or professional surety bonds.  Holding

otherwise would strip the judiciary of its time-honored discretion, overturn case law, invalidate statutes, alter the Arkansas Rules of Criminal Procedure, and rewrite the Arkansas Constitution.

There are numerous reasons indicating there is little probability that Plaintiff will succeed on the merits of this case, not the least of which is the fact that the Defendant Judges and Prosecutor are entitled to absolute judicial and prosecutorial immunity.   Moreover, as State employees, the Defendant Judges and Prosecutor are also entitled to sovereign and qualified immunity.   Furthermore, principles of comity suggest that this Court should abstain from hearing an important state matter.   What is more, Plaintiff fails to state a claim for relief because the granting of bond lies within the sound discretion of the courts, because sheriff's bonds are authorized by law, because Arkansas courts can regulate the business of bondsmen posting bonds before them, because Arkansas courts can issue orders which may be necessary in the exercise of their jurisdiction, because A.C.A. 17-19-301 makes no provision for credit bonding, and because Plaintiff's bonding license was not suspended.

Finally, the public has great interest in upholding the integrity of the legal process regarding the release of criminal defendants on bail.   The purpose of bond is to insure that an accused appears at his trial date.   *United Bonding Co. v. Johnson*, 293 Ark. at 470.   When criminal defendants fail to appear for court, the public looks to the judicial official who authorized the defendant's release, not to the bail bondsman.   A plain reading of A.C.A. 17-19-301 contemplates that the 10% statutory premium shall be paid prior to a defendant's release.   Thus, judicial officials are rightfully concerned about the practice of credit bonding where criminal defendants may be released from jail by paying bail bondsmen only a fraction of the 10% statutory premium.   Pursuant to Ark.R.Crim.P. 9.2(c), a judge considers many different factors when setting the amount of bond, including the seriousness of the crime, whether the

17

accused is a danger to others or poses a flight risk, and the likelihood of conviction at trial. Moreover, in setting the amount of bond, judges take the 10% statutory premium into account. When a bail bondsman secures the release of an accused from jail by accepting less than 10% of the face amount of the bond ordered by a judge, the bondsman in effect disregards the judge's careful consideration of all the factors relevant to the accused's willful nonappearance and instead substitutes his own judgment.

For the aforementioned reasons, Plaintiff's request for injunctive relief allowing JCBB to continue its privilege to bond clients in Saline County and enjoining the Judges from promulgating orders regulating bail bond companies should not be granted.  Indeed, Plaintiff's own request for injunctive relief illustrates the fact that its license to bond clients in Saline County was never suspended by asking that JCBB be allowed to *continue its privilege* to bond clients in Saline County, rather than asking for the *reinstatement* of said privilege.

Plaintiff's request for declaratory injunctive relief declaring that Defendants' conduct deprived Plaintiff of the right to Substantive and Procedural Due Process in violation of the Fourteenth Amendment, declaring that the acts of Defendants continue to deprive JCBB of its constitutional protections, and declaring that the January 5, 2009, Order violates the separation of powers is inappropriate and tantamount to asking this Court to find Defendants liable before they have an opportunity to present a defense.  *(D.E. # 1 – Complaint, p. 7).*  Therefore, Plaintiff's requests for declaratory relief, like those for injunctive relief, should be denied.

## V. <u>CONCLUSION</u>

For the aforementioned reasons, the Judges and Prosecuting Attorney of the 22nd Judicial District of the State of Arkansas respectfully request that Plaintiff's complaint be dismissed, that Plaintiff receive no relief whatsoever, and for all other just and proper relief.

**Respectfully submitted,**

**DUSTIN MCDANIEL**
**Arkansas Attorney General**

By:   /s/ Suzanne Hixson
Ark. Bar # 80117
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-3643
suzanne.hixson@arkansasag.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Suzanne Hixson, Assistant Attorney General, do hereby certify that on this 1st day of July 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

By:   /s/ Suzanne Hixson
Ark. Bar # 80117
Assistant Attorney General
Attorneys for Defendants
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-3643
suzanne.hixson@arkansasag.gov