IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JOHN CHISM BAIL BONDS, INCORPORATED                              PLAINTIFF

VS.                              NO. 4:09-CV-0427 JLH

BRUCE PENNINGTON, individually,
and in his official capacity as the elected Sheriff
of Saline County; RAY PENNINGTON, individually,
and in his official capacity as the jail administrator
for the Saline County Jail; KEN CASADY, individually,
and in his official capacity as the elected prosecutor of
Saline County 22nd Judicial District; JUDGE GARY ARNOLD/
SALINE COUNTY CIRCUIT COURT SECOND DIVISION;
JUDGE BOBBY McCALLISTER/SALINE COUNTY CIRCUIT
COURT FIRST DIVISION; JUDGE MIKE ROBINSON/
BENTON DISTRICT COURT; JUDGE GRISHAM PHILLIPS/SALINE
COUNTY CIRCUIT COURT THIRD DIVISION; JUDGE ROBERT
HERZFELD/SALINE COUNTY CIRCUIT COURT FOURTH DIVISION;
JUDGE CURTIS RICKARD/BRYANT DISTRICT COURT and
SALINE COUNTY, ARKANSAS                                          DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## SEPARATE DEFENDANT SALINE COUNTY, ARKANSAS

Plaintiff is a bail bond company, and has sued several defendants, including Saline County, Arkansas, alleging interference with its business and a deprivation of constitutional rights under color of law, citing 42 U.S.C. § 1983. Saline County, Arkansas, should be dismissed as a party.

### 42 U.S.C. § 1983

It is well-settled law that states and their subdivisions are not "persons" for purposes of Section 1983 litigation. *Will v. Michigan Department of State Police*, 491 U.S. 58, 65-66 (1989). A county is a political subdivision of the state. *Dermott Special School District v. Johnson*, 434 Ark. 90, 95, 32 S.W.3d 477 (2000).

It should also be noted that this action is barred as against Saline County, Arkansas, under the Eleventh Amendment to the United States Constitution. *Will v. Michigan Department of State*

*Police*, Supra; *Clark v. Clark*, 984 F.2d. 272 (8th Cir. 1993); *Harris v. Missouri Court of Appeals, Western District*, 787 F.2d. 427, 429 (8th Cir. 1986).

## Supplemental Jurisdiction

The state law claim is also barred by the doctrine of sovereign immunity. See Arkansas Constitution, Article 5 § 20, and Ark. Code Ann. § 21-9-301. In fact, the statute explicitly covers actions of this sort:

> 21-9-301.  Tort liability -- Immunity declared
>
> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.
>
> (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

From the foregoing, it is conclusive that Saline County, Arkansas, is immune from liability in this case.

## Conclusion

Because Saline County, Arkansas, is not a "person" within the meaning of 42 U.S.C. § 1983, and because it is immune from suit regarding the state law claim, Saline County, Arkansas, should be dismissed as a party Defendant in this action.

Respectfully submitted,

/s/ George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Attorney for Bruce Pennington, Ray Pennington, and Saline County, Arkansas
Ellis Law Firm, P.A.
P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2009, I electronically filed the foregoing Brief in Support of Motion to Dismiss Separate Defendant Saline County, Arkansas, with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ George D. Ellis
GEORGE D. ELLIS