IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JOHN CHISM BAIL BONDS, INCORPORATED                                     PLAINTIFF

VS.                          NO. 4:09-CV-0427 JLH

BRUCE PENNINGTON, individually,
and in his official capacity as the elected Sheriff
of Saline County; RAY PENNINGTON, individually,
and in his official capacity as the jail administrator
for the Saline County Jail; KEN CASADY, individually,
and in his official capacity as the elected prosecutor of
Saline County 22nd Judicial District; JUDGE GARY ARNOLD/
SALINE COUNTY CIRCUIT COURT SECOND DIVISION;
JUDGE BOBBY McCALLISTER/SALINE COUNTY CIRCUIT
COURT FIRST DIVISION; JUDGE MIKE ROBINSON/
BENTON DISTRICT COURT; JUDGE GRISHAM PHILLIPS/SALINE
COUNTY CIRCUIT COURT THIRD DIVISION; JUDGE ROBERT
HERZFELD/SALINE COUNTY CIRCUIT COURT FOURTH DIVISION;
JUDGE CURTIS RICKARD/BRYANT DISTRICT COURT and
SALINE COUNTY, ARKANSAS                                                 DEFENDANTS

**MOTION OF SEPARATE DEFENDANTS
BRUCE PENNINGTON AND RAY PENNINGTON TO DISMISS**

Come Bruce Pennington and Ray Pennington (no relation), and for their motion to dismiss, state:

1. The Plaintiff has sued six state court judges of the 22nd Judicial District alleging a constitutional deprivation due to their entry of an order prohibiting "credit bonding" and adopting a policy consistent with Rule 9.2 (b) (ii) which allows a suspect or defendant to post ten percent of a bail bond with the expectation that ninety percent of the ten percent will be returned at the

conclusion of the case.[1]

2. Other than identification of these Defendants, the Complaint does not otherwise make mention of them by name or position in any substantive way.

3. The Complaint does not state a claim upon which relief can be granted and should be dismissed pursuant to the provisions of Rule 12 (b) (6).

4. Plaintiff lacks standing to pursue this action.

5. This action is barred by the Rooker-Feldman doctrine.

6. This action is barred by the doctrines of sovereign, statutory, and qualified immunity.

WHEREFORE, Defendants Bruce Pennington and Ray Pennington pray that the Complaint be dismissed as against them in their respective official and individual capacities; for costs, including attorney's fees incident to the filing of this motion; and for all other proper relief.

/s/ George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Attorney for Bruce Pennington, Ray Pennington, and Saline County, Arkansas
Ellis Law Firm, P.A.
P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

---

[1] Rule 9.2. Release on money bail. (a) The judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the defendant in court. (b) If it is determined that money bail should be set, the judicial officer shall require one (1) of the following: .... (ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten per cent (10%) of the face amount of the bond. Ninety per cent (90%) of the deposit shall be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; ....

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of July, 2009, I electronically filed the foregoing Motion of Separate Defendants Bruce Pennington and Ray Pennington to Dismiss with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

                                    /s/ George D. Ellis
                                    GEORGE D. ELLIS