IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JOHN CHISM BAIL BONDS, INCORPORATED                          PLAINTIFF

VS.                          NO. 4:09-CV-0427 JLH

BRUCE PENNINGTON, individually,
and in his official capacity as the elected Sheriff
of Saline County; RAY PENNINGTON, individually,
and in his official capacity as the jail administrator
for the Saline County Jail; KEN CASADY, individually,
and in his official capacity as the elected prosecutor of
Saline County 22nd Judicial District; JUDGE GARY ARNOLD/
SALINE COUNTY CIRCUIT COURT SECOND DIVISION;
JUDGE BOBBY McCALLISTER/SALINE COUNTY CIRCUIT
COURT FIRST DIVISION; JUDGE MIKE ROBINSON/
BENTON DISTRICT COURT; JUDGE GRISHAM PHILLIPS/SALINE
COUNTY CIRCUIT COURT THIRD DIVISION; JUDGE ROBERT
HERZFELD/SALINE COUNTY CIRCUIT COURT FOURTH DIVISION;
JUDGE CURTIS RICKARD/BRYANT DISTRICT COURT and
SALINE COUNTY, ARKANSAS                          DEFENDANTS

**BRIEF IN SUPPORT OF MOTION OF SEPARATE DEFENDANTS
BRUCE PENNINGTON AND RAY PENNINGTON TO DISMISS**

Bruce and Ray Pennington (no relation) are being sued individually and in their official

capacities. This action should be dismissed for reasons stated herein.

**Rule 12 (b) (6)**

Bruce and Ray Pennington are identified in paragraphs 7 and 8, respectively, but otherwise

are not substantively mentioned by name or position in any other part of the Complaint, other than

the heading. The procedure complained of by the Plaintiff is explicitly provided for in Rule 9.2 of

the Arkansas Rules of Criminal Procedure:

Rule 9.2. Release on money bail.

(a) The judicial officer shall set money bail only after he determines that and other
conditions will reasonably ensure the appearance of the defendant in court.

(b) If it is determined that money bail should be set, the judicial officer shall require one (1) of the following:

\*\*\*

(ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten per cent (10%) of the face amount of the bond. Ninety per cent (90%) of the deposit shall be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; ....

The order of the Saline County judicial officers (four Circuit Judges and two District Judges) which is referred to in paragraph 20 of the Complaint and also is attached to the Complaint as an exhibit, is a policy established by the Order of the Court which complies to the letter with Rule 9.2 (b) (ii) as cited above. The Defendants had nothing to do with the formulation of Rule 9.2, nor did they have anything to do with adoption of a policy consistent with the above rule.[1]

To summarize, the Penningtons are being sued as Sheriff and Jail Administrator because they are obeying a lawful Order of the Court by judicial officers of the 22nd Judicial District. The Complaint does not allege wrongdoing on their part. The Complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed pursuant to the provisions of Rule 12 (b) (6).

## **Standing**

It is not the intent of this writer to lecture either the District Judge or the Magistrate Judge regarding the law of standing. Both are abundantly aware that standing is part of the case-or-controversy requirement of Article III, Section 2, of the United States Constitution.

---

[1]Bonds written under Rule 9.2 (b) (ii) are commonly called "sheriff's bonds" only because the Sheriff's office is the office with which the "deposit of cash or securities" is made. It should not be construed as a term indicating that the Sheriff is a policymaker under Rule 9.2.

One of the best and most succinct statements of the law of standing comes from the leading scholars on the law of federal jurisdiction:

> In determining whether those Article III concerns are invoked three elements will be examined: whether plaintiff has suffered a distinct and concrete injury; whether the injury was caused by the challenged activity; and whether the injury can be redressed by a remedy given by the court. If any one of those elements is found lacking, standing does not exist.

C. Wright and M. Kane, *Law of Federal Courts* 80 (6th ed. 2002). See also *Massachusetts v. Environmental Protection Agency*, 549 U.S. 497 (2007) (Roberts, C. J. dissenting), in which Chief Justice Roberts presents a scholarly, thorough and far-reaching discussion of the law of standing.

Plaintiff's Complaint will be discussed using the three elements from Professors Wright and Kane:

## A. Whether Plaintiff has suffered a distinct and concrete injury

The Complaint does not state any injury whatsoever which might be considered distinct or concrete. It is not enough to show that there is a generalized allegation concerning an injury to a large undefined group. A case which is close to home is *Whitmore v. Arkansas*, 495 U.S. 149 (1990). In that case, Whitmore, suing "individually and as next friend" of Ronald Gene Simmons, alleged that Simmons' death sentence was subject to appeal under the Eighth and Fourteenth Amendments, and that the fact that he had waived his appeal should not matter. Essentially, Whitmore attempted to raise for Simmons the issues that Simmons could have raised for himself had he chosen to appeal. Chief Justice Rehnquist, writing for a seven-member majority, found that Whitmore had no standing. A general public interest protection "raises only the generalized interest of all citizens in constitutional governance, ... and is an inadequate basis on which to grant petitioner standing to proceed." [internal citation omitted] *Id.* at 160.

3

The above quotation from *Whitmore* is applicable to the standing issue in this case with respect to the first element: The fact that the local courts of the 22nd Judicial District have entered an Order consistent (almost verbatim) with Rule 9.2 of the Arkansas Rules of Criminal Procedure does not create a "distinct and concrete injury" to Plaintiff. In fact, the Complaint does not even allege that the Plaintiff has ever lost or will ever lose business, and that issue alone is speculative at best.

### B. Whether the injury was caused by the challenged activity

Even assuming that Plaintiff has sustained an injury, the Complaint does not allege that any such injury was caused by the entry of the subject order by the judges of the 22nd Judicial District. Again, such an allegation is grounded in sheer conjecture and speculation.

### C. Whether the injury can be redressed by a remedy given by the court

Although the Complaint reports to seek redress, it in fact does not, because it cannot. It is noteworthy that the prayer for relief requests declaratory and injunctive relief with regard to the court order, but makes no mention of the presumably valid Arkansas Rules of Criminal Procedure which specifically allow the order. It asks for compensatory and punitive damages, but the Complaint makes no mention of whether, or just how, the Plaintiff will sustain damages. Finally, the prayer asks for *nothing* as against these Pennington Defendants. In short, the Complaint contains no redress with regard to these separate Defendants nor does it suggest an available remedy.

For all of the foregoing reasons, therefore, the Court should find that the Plaintiff lacks standing, at least with respect to their suit against these separate Defendants, Bruce and Ray Pennington.

4

## **Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine comes from two cases of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Essentially, the most recent discussion of the doctrine was had in *Exxon Mobil Corp. v. Saudi Basic Ind.*, 544 U.S. 280 (2005).

The Rooker-Feldman doctrine holds that a federal trial court cannot collaterally attack a state court order, nor can it sit in review of the state court's decisions. Justice Ginsburg, writing for a unanimous court in *Exxon Mobil*, found Rooker-Feldman to be inapplicable to the facts of that case, but the Court took the occasion to reaffirm the holdings of *Rooker* and *Feldman*: that lower federal courts are prevented from exercising subject-matter jurisdiction over cases brought by parties who have not prevailed in state court cases which have gone to judgment before the federal court proceedings commenced. 544 U.S. at 284.

In short, a party who loses in state court cannot attack the state-court judgment in United States District Court because the latter would be serving as an appellant tribunal.[2] The applicability of Rooker-Feldman to these facts is obvious. The Plaintiff is an individual alleging that it is aggrieved by a state court judgment. Specifically, it complains (and is therefore a "state-court loser") that the state court order adversely affects it (but does not say how). It attempts to attack that state court order in this lawsuit. This is the precise scenario that the Rooker-Feldman doctrine prohibits. It should be noted that the order was entered prior to the commencement of this action, which now appears to be a requirement under *Exxon Mobil*.

---

[2]The United States Supreme Court is the only federal court to which a state court judgment may be appealed, and the appeal must come from the state's highest court. 28 U.S.C. § 1257.

Because the Complaint by Plaintiff is an attack on a state court order, it is barred by the Rooker-Feldman doctrine.

## Qualified Immunity

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982), holds that in order to overcome qualified immunity, the plaintiff must demonstrate that the defendants caused injury and damages to plaintiff by depriving the plaintiff of a clearly established constitutional right. The Complaint does not contain such an allegation as against these Defendants.

As indicated above, these Defendants are hardly mentioned in the Complaint. The "judicial defendants," to use the language of the Complaint, have entered an order consistent with Rule 9.2 (b) (ii) of the Arkansas Rules of Criminal Procedure. Rule 9.2 is presumably constitutional, and is not subject to attack in the Complaint. Sheriff Pennington and Jail Administrator Pennington have a right to assume that the order and underlying rule are lawful. They have elected to obey the court order. Failure to do so would most assuredly cause them to be held in contempt. Their following and abiding by the court order does not violate anyone's clearly established constitutional right under *Harlow*. The Sheriff's office simply serves as the office for which the "deposit of cash or securities" is made. The Complaint does not identify any conduct whatsoever on the part of either of these Defendants causing "injury and damages to Plaintiff by depriving the Plaintiff of a clearly established constitutional right." Plaintiff cannot "demonstrate" what it does not allege. Accordingly, this lawsuit is barred as against these Defendants by the doctrine of qualified immunity.

## Conclusion

Because the Complaint does not state a claim upon which relief can be granted; because the Plaintiff lacks standing; because the action is barred by the Rooker-Feldman doctrine; and because

the action is barred by the doctrine of qualified immunity; the Complaint should be dismissed.

Respectfully submitted,


/s/George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Attorney for Bruce Pennington, Ray Pennington, and
Saline County, Arkansas
Ellis Law Firm, P.A.
P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*


## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2009, I electronically filed the foregoing Brief in Support of Motion of Separate Defendants Bruce Pennington and Ray Pennington to Dismiss with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ George D. Ellis
GEORGE D. ELLIS