**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**JOHN CHISM BAIL BONDS, INCORPORATED**                                      **PLAINTIFF**

V.                              NO.  4:09 CV 00427 JLH

**BRUCE PENNINGTON, individually,
and in his official capacity as the elected Sheriff
of Saline County; RAY PENNINGTON, individually,
and in his official capacity as the jail administrator
for the Saline County Jail; KEN CASADY, individually,
and in his official capacity as the elected prosecutor of
Saline County 22ND Judicial District; JUDGE GARY ARNOLD/
SALINE COUNTY CIRCUIT COURT SECOND DIVISION;
JUDGE BOBBY MCCALLISTER/SALINE COUNTY CIRCUIT
COURT FIRST DIVISION; JUDGE MIKE ROBINSON/
BENTON DISTRICT COURT; JUDGE GRISHAM PHILLIPS/SALINE
COUNTY CIRCUIT COURT THIRD DIVISION; JUDGE ROBERT
HERZFELD/SALINE COUNTY CIRCUIT COURTFOURTH DIVISION;
JUDGE CURTIS RICKARD/BRYANT DISTRICT COURT and
SALINE COUNTY ARKANSAS**
                                                                                    **DEFENDANTS**
_____

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO SEPARATE
DEFENDANTS BRUCE PENNINGTON'S AND RAY PENNINGTON'S
MOTION TO DISMISS**
_____

Comes now Plaintiff, John Chism Bail Bonds, Incorporated, (JCBB herein after) by and through its attorneys, Hancock, Lane & Barrett PLLC, and for its Brief in Support of Plaintiff's Response to Separate Defendants Bruce Pennington's and Ray Pennington's Motion to Dismiss states the following:

On July 20, 2009, the Plaintiff filed an Amended Complaint against all the named defendants stating a federal claim for violations of substantive and procedural due process pursuant to 42 U.S.C. Sec. 1983, and state court claims for interference with the Plaintiff's contractual and business relations, and civil conspiracy.  Additionally, the First Amended Complaint sets-forth a state court claim against defendant Casady for

malicious prosecution. Finally, the First Amended Complaint sets forth a separation of powers violation against the judge defendants. The Complaint in part seeks compensatory and injunctive relief. Plaintiff's First Amended Complaint renders separate defendants Bruce Pennington's and Ray Pennington's – and as a matter of law, Saline County's – Motion to Dismiss moot and without merit.

**Standard for Dismissal Pursuant to Fed. R. Civ. P. 12 (b)(6)**

The Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. Schaaf v. Residential Funding Corp., 517 F.3d 544 (8th Cir.) While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

**A.  Rule 12(b)(6) failure to state a claim upon which relief can be granted**

Plaintiff's Amended Complaint sets forth specific and clear allegations of federal and state violations against defendants Bruce Pennington and Ray Pennington. Specifically, that Bruce Pennington is the elected Sheriff in Saline County, Arkansas, and that Ray Pennington is the jail administrator of the Saline County Detention Center. That on June 29, 2009, Special Judge Meredith Wineland – sitting for defendant Robinson – set a five thousand dollar bond for Boyce Williams – Judge Wineland set the bond as cash, professional, or anything acceptable by the Sheriff. Plaintiff's First Amended Complaint ¶ 26. On June 29, 2009, Debbie Gillespie – a Bond Agent for JCBB – was contacted by Boyce Williams to bond him on the five thousand dollar professional bond set by Special Judge Wineland. Plaintiff's First Amended Complaint

¶ 27.  On June 29, 2009, Debbie Gillespie appeared at the Saline County Jail to bond Boyce Williams on the five thousand dollar professional bond set by Judge Wineland. On June 29, 2009, Jailer Westbrook, acting on orders from the defendants, informed Debbie Gillespie that Boyce Williams could only make a Sheriff's Bond; specifically disregarding Judge Wineland's order setting a professional bond.  At times relevant to this complaint, John Chism Bail Bonds, Incorporated has been contacted by pre-existing clients and potential clients for bonding services.  Tommy Hathcock contacted JCBB agent Debbie Gillespie to bond on a twenty-five thousand dollar bond; defendant Robinson would only set a Sheriff Bond for Hathcock – denying JCBB the ability to bond Hathcock.  Plaintiff's First Amended Complaint ¶¶ 28-31.   Furthermore, Plaintiff's First Amended Complaint alleges facts that the Pennington defendants conspired with others to intentionally interfere in the contractual and business relations between JCBB and its clients and potential clients.  ¶¶ 66-72.   Because JCBB has a property right in its bail bond license, and has stated clear and actionable constitutional (42 U.S.C. Sec. 1983 due process violations) and state court claims (civil conspiracy and interference with contractual and business relations) against the Pennington defendants, the Motion to Dismiss should be denied.

    **B.   Standing**

The Pennington defendants allege that JCBB lacks standing to pursue this action, urging dismissal.  This argument is without merit.  In its First Amended Complaint Plaintiff clearly establishes the three elements that the Pennington defendants claim are lacking: 1) whether JCBB suffered a distinct and concrete injury; 2) whether the injury was caused by the challenged activity; 3) whether the injury can be redressed by a remedy given by the court.  The actions by the Pennington defendants,

as alleged in the First Amended Complaint, have caused – and continue to cause – monetary damages to JCBB. (See First Amended Complaint ¶¶ 28-31 (detailed supra)). The Court has jurisdiction over these claims as set forth in the First Amended Complaint ¶¶ 1-2; therefore, it necessarily has the ability to provide a remedy. For these stated reasons, the Pennington defendants standing argument must fail.

### C. Rooker-Feldman Doctrine

The Rooker-Feldman Doctrine is inapplicable to the instant case. In Plaintiff's First Amended Complaint the actions – as alleged – against the Pennington defendants set forth constitutional and state court claims separate and apart from attacking a state court judgment; namely procedural and substantive due process violations, civil conspiracy, and interference with contractual and business relations. Rooker-Feldman provides no basis for dismissal of this matter against the Pennington defendants.

### D. Qualified Immunity

The defendants do not enjoy the several immunities claimed by the defendants. Although, the Pennington defendants claimed sovereign immunity, statutory immunity, and qualified immunity in their Motion to Dismiss only qualified immunity was addressed in the supporting brief. The abandonment of sovereign and statutory immunities by the Pennington defendants is well taken; both are inapplicable in the instant case. Plaintiff's First Amended Complaint contains allegations that demonstrate the Pennington defendants caused monetary injury to JCBB by depriving the company of its property right, its license. The allegations contained in Plaintiff's First Amended Complaint specifically ¶¶ 26-31 are contrary to the assertions that the Pennington defendants were following orders of the Court. In fact, the Pennington defendants specifically disobeyed the court order to allow Boyce Williams to bond on a professional bond; instead acting

on a policy established by all the defendants to allow only sheriff's bonds. The privilege of qualified immunity does not apply to the Pennington defendants.

WHEREFORE, Plaintiff, John Chism Bail Bonds, Incorporated, requests that Ray Pennington's and Bruce Pennington's Motion to Dismiss be denied, and that the Plaintiff enjoy whatever relief that it may be entitled.

Respectfully Submitted,

By: /s/ Charles D. Hancock
C. Daniel Hancock
#2001-022
Attorney for Plaintiff
Hancock, Lane & Barrett PLLC
610 East 6th Street
Little Rock, AR 72202
501-372-6400
hancock@hlblawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECM system, which shall send notification of such filing to the following:

George Ellis
Suzanne Hixson

/s/ Charles D. Hancock
C. Daniel Hancock