IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JOHN CHISM BAIL BONDS, INCORPORATED                          PLAINTIFF

VS.                              NO. 4:09-CV-0427 JLH

BRUCE PENNINGTON, individually,
and in his official capacity as the elected Sheriff
of Saline County; RAY PENNINGTON, individually,
and in his official capacity as the jail administrator
for the Saline County Jail; KEN CASADY, individually,
and in his official capacity as the elected prosecutor of
Saline County 22nd Judicial District; JUDGE GARY ARNOLD/
SALINE COUNTY CIRCUIT COURT SECOND DIVISION;
JUDGE BOBBY McCALLISTER/SALINE COUNTY CIRCUIT
COURT FIRST DIVISION; JUDGE MIKE ROBINSON/
BENTON DISTRICT COURT; JUDGE GRISHAM PHILLIPS/SALINE
COUNTY CIRCUIT COURT THIRD DIVISION; JUDGE ROBERT
HERZFELD/SALINE COUNTY CIRCUIT COURT FOURTH DIVISION;
JUDGE CURTIS RICKARD/BRYANT DISTRICT COURT and
SALINE COUNTY, ARKANSAS                                       DEFENDANTS

**REPLY OF BRUCE PENNINGTON, RAY PENNINGTON,
AND SALINE COUNTY TO PLAINTIFF'S RESPONSE TO
THESE SEPARATE DEFENDANTS' MOTIONS TO DISMISS**

From a reading of Plaintiff's responses to these parties' motions to dismiss, and also the motion to dismiss filed by the judicial defendants, it is apparent that Plaintiff believes that it has cured the original Complaint's deficiencies by filing a First Amended Complaint. However, that filing is also defective procedurally because Plaintiff failed to comply with Rule 15 (a) (2) which provides as follows:

(a) **Amendments Before Trial**.

\*\*\*

(2) ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent *or the court's leave*. The court should freely give leave when justice so requires. [Emphasis added]

See also Local Rule 5.5.

Although it purports to have filed an amended complaint, no such filing has occurred because Plaintiff has not been given permission of the Court to file an amended complaint. "Parties do not have an absolute right to amend their pleadings, even under [Rule 15 (b) (2)'s] liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) [internal citation omitted].

A suggested remedy to this problem might be as follows: The Court grants the parties' respective motions to dismiss under Rule 12 (b) (6), and that dismissal will be without[1] prejudice. *Metzger v. Village of Cedar Creek, Nebraska*, 370 F.3d 822 (8th Cir. 2004). The Court will then grant Plaintiff leave to amend the Complaint *nunc pro tunc*.

/s/ George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Attorney for Bruce Pennington, Ray Pennington, and Saline County, Arkansas
Ellis Law Firm, P.A.
P.O. Box 2307
Benton, Arkansas 72018
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2009, I electronically filed the foregoing Reply of Bruce Pennington, Ray Pennington, and Saline County to Plaintiff's Response to These Separate Defendants' Motions to Dismiss with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/ George D. Ellis
GEORGE D. ELLIS

---

[1] But Saline County's motion to dismiss should be granted *with* prejudice for reasons stated in that motion.