IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JOHN CHISM BAIL BONDS, INCORPORATED                          PLAINTIFF

v.                        NO. 4:09-cv-0427  BD-JLH

BRUCE PENNINGTON, individually,
and in his official capacity as the elected Sheriff of Saline County;
RAY PENNINGTON, individually, and in his official capacity as
the jail administrator for the Saline County Jail;
KEN CASADY, individually and in his official capacity as the
elected prosecutor of Saline County 22nd Judicial District;
JUDGE GARY ARNOLD/SALINE COUNTY CIRCUIT COURT SECOND
DIVISION;
JUDGE BOBBY McCALLISTER/SALINE COUNTY CIRCUIT COURT FIRST
DIVISION;
JUDGE MIKE ROBINSON/BENTON DISTRICT COURT;
JUDGE GRISHAM PHILLIPS/SALINE COUNTY CIRCUIT COURT THIRD
DIVISION;
JUDGE ROBERT HERZFELD/SALINE COUNTY CIRCUIT COURT FOURTH
DIVISION;
JUDGE CURTIS RICKARD/BRYANT DISTRICT COURT
 and SALINE COUNTY ARKANSAS                          DEFENDANTS


MOTION TO DISMISS AMENDED COMPLAINT
BY JUDGE GARY ARNOLD, JUDGE BOBBY McCALLISTER, JUDGE MIKE
ROBINSON, JUDGE GRISHAM PHILLIPS, JUDGE ROBERT HERZFELD,
JUDGE CURTIS RICKARD, AND PROSECUTING ATTORNEY KEN CASADY

       Come now Judge Gary Arnold, Judge Bobby McCallister, Judge Mike Robinson,

Judge Grisham Phillips, Judge Robert Herzfeld, Judge Curtis Rickard, and Prosecuting

Attorney Ken Casady, by and through Attorney General Dustin McDaniel and Assistant

Attorney General Suzanne Hixson, and for their Motion to Dismiss Amended Complaint

do hereby state:

       1.     Plaintiff filed this § 1983 action against Defendants in their official and

individual capacities alleging Substantive and Procedural Due Process violations and

invoking the pendant jurisdiction of this Court to hear and decide claims allegedly arising under State law.

2.      Plaintiff requests monetary, injunctive, and declaratory relief against Defendants in their official and individual capacities.

3.      Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

4.      Plaintiff's Complaint should be dismissed because Judges and Prosecutors have absolute immunity from claims for damages and attorney's fees for actions taken within the course and scope of their duties.

5.      Plaintiff's Complaint should be dismissed because Judges and Prosecutors sued for money damages in their official capacities are entitled to Sovereign Immunity.

6.      Plaintiff's Complaint should be dismissed because Judges and Prosecutors sued for money damages in their individual capacities are entitled to Qualified Immunity.

7.      Plaintiff's claim for Malicious Prosecution should be dismissed because probable cause existed for Defendant Casady, in his official capacity, to prosecute Plaintiff and its agent for contempt of the January 5, 2009, Court Order on March 3, 2009.

8.      Plaintiff's Complaint should be dismissed pursuant to the *Younger* abstention doctrine that recognizes the comity due to state courts in our federal system when vital state interests are involved.

9.      Plaintiff's Complaint should be dismissed for failure to state a claim for relief because the setting of bond is solely within the Court's discretion.

10.     Plaintiff's Complaint should be dismissed for failure to state a claim for relief because Plaintiff's ability to bond clients from jail is not a right or legally enforceable privilege.

11.     Plaintiff's Complaint should be dismissed for failure to state a claim for relief because sheriff's bonds are authorized by Ark.R.Crim.P. 9.2(b)(ii).

12.     Plaintiff's Complaint should be dismissed for failure to state a claim for relief because A.C.A. 16-84-102 and A.C.A. 16-81-109 authorize a sheriff to take bail.

13.     Plaintiff's Complaint should be dismissed for failure to state a claim for relief because Defendants' interpretation and application of the law is entirely consistent with the governing law, including both the Arkansas Rules of Civil Procedure, and A.C.A. 17-19-301.

14.     Plaintiff's Complaint should be dismissed for failure to state a claim for relief because the January 5, 2009, Order of the Court is rationally related to a legitimate state interest and thus does not violate Plaintiff's right to Equal Protection or Substantive Due Process, nor does it evidence Civil Conspiracy.

15.     Plaintiff's claim for Civil Conspiracy should be dismissed for failure to state a claim for relief because its bare allegation that all Defendants agreed to, and did, prevent professional surety companies from writing bonds is refuted by public records that show professional surety bonds are still being written and accepted in the 22nd Judicial District.

16.     Plaintiff's claim that the Judicial Defendants violated the Arkansas Constitution should be dismissed for failure to state a claim for relief because Arkansas

courts have full discretion to order bail or not and to determine what type of bond may be appropriate.

17.     Plaintiff's allegation that its bonding license was effectively suspended in Saline County without due process is meritless.  Defendants have taken no action regarding the Plaintiff's license and public records show that Plaintiff continues to do business in Saline County.

18.     Plaintiff's claim that Defendants intentionally interfered with its contractual and business relations should be dismissed because Plaintiff failed to present any evidence to show that the Defendant Judges and Prosecutor had actual knowledge of any particular alleged contractual relationships, including alleged contractual relationships between Plaintiff and arrestees Boyce Williams or Tommy Hathcock, and Plaintiff has also failed to show that the Judges or Prosecutor engaged in intentional and improper interference with such alleged contractual relationships.

19.     Plaintiff's claim that Defendants intentionally interfered with its contractual and business relations with respect to arrestee Boyce Williams should be dismissed because Plaintiff's own Amended Complaint clearly states: (1) that the bond in that case was set by a Special Judge, Meredith Wineland, and (2) that the bond set by Judge Wineland specifically authorized "anything acceptable by the Sheriff" and thus the use of a sheriff's bond was not contrary to the Special Judge's Order.

20.     Plaintiff's claim that Defendants intentionally interfered with its contractual and business relations should be dismissed for failure to state a claim upon which relief can be granted because the setting of bond lies in the total discretion of the trial court, thus Plaintiff has no right to post bond in any particular case.

21.    Plaintiff's claim that Defendants intentionally interfered with its contractual and business relations should be dismissed for failure to state a claim for relief because in Arkansas, the function of determining the appropriateness of pre-trial release, amount of bail bond, and type of bail bond lies solely with the judicial officer.

22.    Plaintiff's claim that its Procedural Due Process rights were violated should be dismissed for failure to state a claim for relief because its bonding license was not suspended.

23.    Plaintiff's claim for injunctive and declaratory relief should be dismissed because Plaintiff has failed to prove the threat of irreparable harm, the probability of success on the merits of the case, or that granting the requested relief is in the public's interest.

24.    Plaintiff's request for costs and attorney's fees should be denied pursuant to the Federal Courts Improvement Act of 1996.

25.    A brief in support outlining the arguments of Defendants listed herein and the authorities relied upon is filed herewith and incorporated by reference as if set out word for word.

**WHEREFORE**, Defendants listed herein respectfully pray that their Motion to Dismiss be granted, that Plaintiff's Complaint and Amended Complaint against them be dismissed with prejudice, and for all other relief to which they may be entitled.

**Respectfully submitted,**

**DUSTIN MCDANIEL**
**Arkansas Attorney General**

By:    /s/ Suzanne Hixson
       Ark. Bar # 80117
       Assistant Attorney General

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-3643
suzanne.hixson@arkansasag.gov

Attorneys for Defendants Arnold,
McCallister, Robinson, Phillips,
Herzfeld, Rickard, and Casady

## CERTIFICATE OF SERVICE

I, Suzanne Hixson, Assistant Attorney General, do hereby certify that on this 30th day of July 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

By:   /s/ Suzanne Hixson
      Ark. Bar # 80117
      Assistant Attorney General
      Attorneys for Defendants
      Arkansas Attorney General's Office
      323 Center Street, Suite 200
      Little Rock, Arkansas 72201
      (501) 682-3643
      suzanne.hixson@arkansasag.gov

6