**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN CHISM BAIL BONDS, INCORPORATED                                         PLAINTIFF

v.                                         Case No. 4:09CV00427 JLH

BRUCE PENNINGTON, individually, and in his
official capacity as the elected Sheriff of Saline County;
RAY PENNINGTON, individually, and in his official capacity
as the jail administrator for the Saline County Jail;
KEN CASADY, individually and in his official capacity
as the elected prosecutor of Saline County 22nd Judicial District;
JUDGE GARY ARNOLD, Saline County Circuit Court,
Second Division; JUDGE BOBBY MCCALLISTER,
Saline County Circuit Court, First Division; JUDGE MIKE
ROBINSON, Benton District Court; JUDGE GRISHAM PHILLIPS,
Saline County Circuit Court, Third Division; JUDGE ROBERT
HERZFELD, Saline County Circuit Court, Fourth Division;
JUDGE CURTIS RICKARD, Bryant District Court;
and SALINE COUNTY, ARKANSAS                                                 DEFENDANTS

**OPINION AND ORDER**

John Chism Bail Bonds, Incorporated, filed this suit against Bruce Pennington, individually and in his capacity as the Sheriff of Saline County; Ray Pennington, individually and in his official capacity as the jail administrator for the Saline County Jail; Ken Casady, individually and in his official capacity as the Saline County prosecutor; Judge Gary Arnold; Judge Bobby McCallister; Judge Mike Robinson; Judge Grisham Phillips; Judge Robert Herzfeld; Judge Curtis Rickard; and Saline County. Judges Arnold, McCallister, Phillips, and Herzfeld are circuit judges in Saline County. Judges Robinson and Rickard are district judges in Saline County. Although the style of the case does not state that the judges are named in their individual capacities, the introductory paragraph of the first amended complaint makes clear that the judges are being sued in their individual capacities. After the defendants filed three separate motions to dismiss, the plaintiff filed

an amended complaint, and the judge and prosecutor defendants then filed a motion to dismiss the amended complaint. For the following reasons, the motions to dismiss are granted.

## I.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). Stated differently the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

## II.

Chism Bail Bonds, a licensed professional bail bond company in Arkansas, filed its complaint alleging that the defendants violated its rights to procedural and substantive due process when they signed and enforced a court order disallowing "credit bonding,"[1] which Chism Bail Bonds

---

[1] Although the term "credit bonding" is not explicitly defined in the pleadings, it apparently refers to a practice whereby a bail bondsman will extend credit to a detainee for the premium for the bond, as opposed to requiring payment for the premium before issuing the bond.

alleges amounts to regulating the practice of bonding. Chism Bail Bonds later filed an amended complaint. The amended complaint alleges that, in addition to disallowing "credit bonding," the defendants met and, at the urging of Casady, decided that for felony cases in Saline County cash or professional bonds would no longer be accepted but only "Sheriff's Bonds."[2] The second amended complaint alleges that the defendants violated Chism Bail Bonds' right to procedural and substantive due process guaranteed by the Fourteenth Amendment and therefore claims relief pursuant to 42 U.S.C. § 1983. It also alleges that the defendants are liable for violation of the Arkansas separation of powers doctrine, interference with contractual relationship or business expectancy, malicious prosecution, and civil conspiracy—all of which are claims that arise under the laws of the state of Arkansas.

The initial order about which Chism Bail Bonds complains is captioned "22nd Judicial District Circuit and District Courts." It is styled, "Order of the Court." It was signed by the four circuit judges and the two district judges on January 5, 2009. It bears the file mark of the Saline County Circuit Court with a file-marked date of January 22, 2009. The text says:

> Come now, the Honorable Bobby McCallister, the Honorable Gary Arnold, the Honorable Grisham Phillips, the Honorable Robert Herzfeld, the Honorable Mike Robinson, and the Honorable Curtis Rickard, being well informed on the current procedure and law regarding bail bonds for criminal defendants prior to trial in this judicial district, do hereby find that A.C.A. 17-19-301 makes no provision for the practice of "credit bonding," and do hereby find that all bail bondsmen bonding a defendant from the Saline County Detention Center shall collect the ten percent (10%) premium and the statutorily required fees before a defendant is released from the Saline County Detention Center "on bond" in accordance with A.C.A. 17-19-301. The Sheriff shall be charged with documenting that the premium is paid before a defendant's release by obtaining the bondsman's signature on documents indicating

---

[2] Again, the term "Sheriff's Bond" is not defined. Apparently, it refers to the practice whereby the sheriff accepts cash or property for bail in lieu of a bail bond from a professional bail bondsman. *See* ARK. CODE ANN. §§ 16-84-103(a)(2), 16-84-105(b), and 16-84-107(a).

> the (10%) cash premium or property in equal value is in the possession of the bondsman. If the bondsman takes property in lieu of a cash premium, the bondsman shall write a description of the property taken, including serial numbers and any other identifying information, and the property's estimated value.
>
> Should any bondsman be found in contempt of this order after a full hearing by the Courts of the 22nd Judicial District or be found to be guilty of a misdemeanor violation of A.C.A. 17-19-301, his or her privilege to write bonds in this jurisdiction shall be forfeited.

The alleged decision not to accept professional bail bonds is not, so far as the pleadings state, memorialized in writing.

The judge and prosecutor defendants argue that they have absolute immunity from claims for damages for actions taken within the course and scope of their duties; that they are entitled to sovereign immunity; and that they are entitled to qualified immunity. Saline County argues that it is not a "person" within the meaning of 42 U.S.C. § 1983 and that it is entitled to sovereign immunity. Finally, the Pennington defendants argue that they are entitled to qualified immunity because they were acting in their respective official capacities as jail administrator and sheriff.

In response, Chism Bail Bonds argues that the judge defendants are not protected by absolute immunity because their actions were not performed in their judicial capacity and were in the complete absence of all jurisdiction; that they are not protected by sovereign immunity because they acted with malice; and that they are not protected by qualified immunity because it was deprived of a clearly established constitutional or statutory right. Chism Bail Bonds argues that Casady, the prosecutor, is not entitled to absolute immunity because he acted with malice and in an administrative capacity along with the judges. Chism Bail Bonds argues that the Pennington defendants are not entitled to qualified immunity. Finally, Chism Bail Bonds argues that Saline County is not entitled to sovereign immunity.

**A.     THE JUDGES.**

Unless judges act completely outside all jurisdiction, they are absolutely immune from suit when acting in their judicial capacity. *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997). Even if judges act in error, with malice, or outside of their authority, they are subject to liability only when acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978). The scope of a judge's jurisdiction is broadly construed when relating to judicial immunity. *Id.*

Determining bond for criminal defendants is a judicial act. *Root v. Liston*, 444 F.3d 127, 132 (2d Cir. 2006); ARK. CODE ANN. § 16-84-110; ARK. R. CRIM. P. 9.2. According to the amended complaint, the judges of Saline County collectively construed the statutes pertaining to bail bonds, including Ark. Code Ann. § 17-19-301. Obviously, district and circuit judges of the state of Arkansas have the authority, and indeed the duty, to construe the Arkansas statutes in the performance of their duties in setting bond for criminal defendants, and the fact that they discussed how to interpret the statutes, agreed on how to interpret the statutes, and issued an order announcing their interpretation of the statutes, does not render the act something other than a judicial act. *Peak v. Richardson*, 2008 WL 762110, at *8 (E.D. Mo. March 19, 2008) ("revoking a bail bond agent's privilege to write bail bonds in a judge's court or circuit is a judicial action, *i.e.*, an act taken in the judge's judicial capacity").

Nor did the judge defendants act in the complete absence of all jurisdiction. In *Duty v. City of Springdale, Ark.*, 42 F.3d 460 (8th Cir. 1994), a municipal judge issued an arrest warrant for a defendant whose case was on appeal, which he did not have the authority to do. When the defendant brought a § 1983 action in federal court, the municipal judge asserted the defense of judicial

immunity. The district court held that the municipal judge acted in the clear absence of all jurisdiction because there was no case or judgment before the municipal court. *Id*. at 462. The Eighth Circuit reversed and explained:

> [J]udges are not immune from lawsuits based on actions taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (per curiam). But "[b]ecause some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978) (internal quotation and citation omitted). An act in excess of jurisdiction will not deprive a judge of immunity. *Id*.
>
> A distinction thus exists between acts performed in excess of jurisdiction and those done in the absence of jurisdiction. As to the former, a "judge acts in excess of jurisdiction if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances." *Billingsley v. Kyser*, 691 F.2d 388, 389 (8th Cir. 1982) (per curiam). As to the latter, "[t]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir.) (internal quotation omitted), *cert. denied*, 513 U.S. 870, 115 S. Ct. 193, 130 L. Ed. 2d 126 (1994).
>
> Even accepting as true Duty's contention that an Arkansas municipal judge lacks authority to enforce the circuit court's judgment, we hold that Ludwig is entitled to absolute immunity. Because Arkansas law authorizes municipal judges to issue arrest warrants, it is clear that in these circumstances Ludwig acted, at most, in excess of jurisdiction and not in the clear absence of jurisdiction. *See Billingsley*, 691 F.2d at 389-90 (Missouri circuit court judge, who erroneously amended inmate's sentence during pendency of appeal, acted only in excess of jurisdiction because he was empowered to rule on criminal matters, including amendment of sentences); *see also King v. Myers*, 973 F.2d 354, 357-59 (4th Cir. 1992) (Virginia magistrate, who under state law had authority to arrange for arrest of an individual, accorded absolute immunity even though "authority to issue process of arrest may well have been overstepped, perhaps even widely").

*Id*. at 462-63. Here, as in *Duty*, even if the judge defendants exceeded their authority, and even if they acted without a specific case before them, they were still acting in a judicial capacity, and they

still did not act in the complete absence of all jurisdiction. Because Arkansas law authorizes them to set bond for criminal defendants, they acted at most in excess of their jurisdiction, not in the complete absence of it.

**B.     THE PROSECUTOR.**

The amended complaint alleges that Casady, the Saline County prosecutor, urged the judge defendants to allow only Sheriff's Bonds in felony cases in Saline County, and that Casady thereafter sought only Sheriff's Bonds in accordance with the judges' court order. Advocating a particular level of bail is a prosecutorial function for which a prosecutor has absolute immunity. *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (quoting *Lerwill v. Joslin*, 712 F.2d 435, 438-39 (10th Cir. 1983)); *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149-50 (2d Cir. 1995); *Dobson v. Anderson*, 2008 WL 183080, at *5 (E.D. Ark. Jan. 17, 2008). The amended complaint essentially alleges that Casady performed his prosecutorial duties by advocating that the judges in Saline County accept Sheriff's Bonds and abiding by a court order that he reasonably believed to be valid. A prosecutor performing his function as advocate for the state, as opposed to administrative or investigative duties, has absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 994-95, 47 L. Ed. 2d 128 (1976). Because the factual allegations show that Casady took action as a prosecutor, he is protected by absolute immunity.

**C.     THE SHERIFF AND THE JAIL ADMINISTRATOR.**

Relying on *Holt Bonding Co., Inc. v. Nichols*, 988 F. Supp. 1232 (W.D. Ark. 1997), Chism Bail Bonds contends that Bruce Pennington, the sheriff, and Ray Pennington, the jail administrator, are liable under 42 U.S.C. § 1983 for refusing to accept professional bail bonds. In *Holt*, the court found that the sheriff of Carroll County, Arkansas, was liable under § 1983 for effectively

7

suspending a bail bondsman's license without a hearing when he would no longer accept bonds from that bondsman. In *Holt*, the sheriff was following the order of a municipal judge who lacked county-wide jurisdiction. Here, all of the circuit and district judges in Saline County have, according to the amended complaint, made a collective decision, so to that extent *Holt* is not apposite. Moreover, in *Holt*, the decision was not to refuse to accept a particular form of bond but to refuse to accept bonds from a particular bail bondsman, whereas here the decision relates to a particular form of bond. According to the amended complaint, bonds from professional bail bondsmen, including Chism Bail Bonds, are accepted in Saline County in misdemeanors. Thus, the defendants have not suspended the professional license of Chism Bail Bonds. In *Holt*, the court held that the sheriff was not protected by qualified immunity. *Id*. at 1241. However, *Holt* did not address the issue of absolute quasi-judicial immunity.

Absolute quasi-judicial immunity protects officials for acts they are required to do under court order or at a judge's direction. *Robinson v. Freeze*, 15 F.3d 107, 109 (8th Cir. 1994). The order must be related to the judicial function. *Martin*, 127 F.3d at 721. As noted above, a decision as to what level and form of bond to accept as bail for a criminal defendant is a judicial act. According to the amended complaint, the judges of Saline County collectively decided that only certain forms of bail bonds should be accepted. In carrying out this decision of the judges, the sheriff and the jailer are protected by quasi-judicial immunity.

D.  **THE COUNTY AND THE OFFICIAL CAPACITY CLAIMS.**

Quasi-judicial immunity extends only to claims against defendants sued in their individual capacities; it does not bar claims against them in their official capacities. *VanHorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007). A suit against a government official in his official capacity is a

suit against the governmental entity for which the official is an officer. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Nor does sovereign immunity extend to counties. *Northern Ins. Co. of New York v. Chatham County*, 547 U.S. 189, 193, 126 S. Ct. 1689, 1693, 164 L. Ed. 2d 367 (2006). Hence, Saline County is not immune from suit.

Even though Chism Bail Bonds' federal claims against Saline County survive the immunity doctrine, the Court abstains pursuant to *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 501, 61 S. Ct. 643, 85 L. Ed. 971 (1941). In *Beavers v. Arkansas State Bd. of Dental Examiners*, 151 F.3d 838, 841 (8th Cir. 1998), the court explained:

> *Pullman* abstention requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations.

The court in *Beavers* then said:

> In *Lake Carriers' Association v. MacMullan*, 406 U.S. 498, 510-11, 92 S. Ct. 1749, 32 L. Ed. 2d 257 (1972), the Supreme Court defined the proper context for *Pullman* abstention:
>
>> The paradigm case for abstention arises when the challenged state statute is susceptible of "a construction by the state courts that would avoid or modify the [federal] constitutional question." . . . More fully, we have explained: "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. . . . The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain." *Harman v. Forssenius*, 380 U.S. 528, 534, 85 S. Ct. 1177, 14 L. Ed. 2d 50 (1965).

*Beavers*, 151 F.3d at 841. Although *Pullman* abstention usually results in a stay of the federal proceedings rather than a dismissal, in *Beavers* the court affirmed the dismissal of a § 1983 case against the Arkansas State Board of Dental Examiners in which a dentist alleged the board's regulations relating to advertising violated the First and Fourteenth Amendments and 42 U.S.C. § 1983. *Id.*

The central issues in the present controversy are whether "credit bonding" is permitted by Ark. Code Ann. § 17-19-301 and whether judges have the authority under the Arkansas Code and Rules of Criminal Procedure to require "Sheriff's Bonds." The judges of Saline County have determined that credit bonding is not permitted by the statute; Chism Bail Bonds says it is. The judges allegedly have determined that they have the authority, apparently under Ark. Code Ann. §§ 16-84-103(a)(2) and 16-84-105(b), along with the Arkansas Rules of Criminal Procedure, to require Sheriff's Bonds in felony cases; Chism Bail Bonds disagrees. For *Pullman* abstention to be appropriate, the controlling state law must be unclear and a tenable interpretation must be dispositive of the case. *Robinson v. City of Omaha, Neb.*, 866 F.2d 1042, 1043 (8th Cir. 1989). Both requirements are met here. The Supreme Court of Arkansas has issued no decision addressing these issues, and it is not clear from the statutes and rules which side of this controversy is right. It is entirely possible that the Supreme Court of Arkansas will construe the Arkansas statutes and rules as have the judges of Saline County. If they do, that is the end of Chism Bail Bonds' claims; if not, the Arkansas courts can determine what relief, if any, Chism Bail Bonds should be awarded. A proper respect for the state courts requires this Court to leave the issues raised in this case to be decided by the state courts.

The Court has also concluded that abstention is appropriate in this case pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943). *Burford* abstention is appropriate (1) when there are difficult questions of state law bearing on policy problems of substantial public importance transcending the result in the case at bar, or (2) when the exercise of federal review would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public importance. *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361, 109 S. Ct. 2506, 2514, 105 L. Ed. 2d 298 (1989). Here, the issues are difficult issues of state law bearing on policy issues of substantial public importance that could impact bail decisions in criminal proceedings throughout the State of Arkansas. Furthermore, for a federal court to intervene in decisions regarding what constitutes appropriate bail bonds in felony cases would disrupt state efforts to establish a policy on these important issues.

In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996), the Supreme Court said that courts have the power to dismiss cases based on abstention principles only where the relief sought is equitable or otherwise discretionary, and the Court held that the district court's remand order in that case was an unwarranted application of the *Burford* doctrine because the case was a damages action. *Id.* at 731, 116 S. Ct. at 1728. The Eighth Circuit has explained that a close reading of *Quackenbush* indicates that a plaintiff's incidental insertion of a general claim for damages will not prevent the dismissal of a § 1983 case where the damages sought cannot be awarded without first declaring unconstitutional a state court judgment on a matter committed to the states. *Amerson v. State of Iowa*, 94 F.3d 510, 513 (8th Cir. 1996). In *Amerson*, the Eighth Circuit noted that *Quackenbush* had preserved the holding in *Fair Assessment in Real*

*Estate Ass'n v. McNary*, 454 U.S. 100, 115, 102 S. Ct. 177, 185-86, 70 L. Ed. 2d 271 (1981).

*Amerson* relied upon the following passage from *Quackenbush*:

> To the extent *Fair Assessment* does apply abstention principles, its holding is very limited.  The damages action in that case was based on the unconstitutional application of a state tax law, and the award of damages turned first on a declaration that the state tax was in fact unconstitutional.  We therefore drew an analogy to [*Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S. Ct. 1070, 87 L. Ed. 1407 (1943)] and other cases in which we had approved the application of abstention principles in declaratory judgment actions, and held that the federal court should decline to hear the action because "[t]he recovery of damages under the Civil Rights Act first requires a 'declaration' or determination of the unconstitutionality of a state tax scheme that would halt its operation."

*Quackenbush*, 517 U.S. at 719, 116 S. Ct. at 1722 (quoting *Fair Assessment*, 454 U.S. at 115, 102 S. Ct. at 185).  In *Amerson*, the Eighth Circuit affirmed the dismissal of a § 1983 case seeking damages as well as equitable relief in a dispute that had resulted in state court proceedings that terminated the plaintiff's parental rights over a minor son.  *Amerson*, 94 F.3d at 513-14.

Here, the amended complaint seeks a declaration that the conduct of the defendants deprived Chism Bail Bonds of its right to substantive and procedural due process in violation of the Fourteenth Amendment to the Constitution; a declaration that the conduct of the defendants deprived Chism Bail Bonds of its constitutional protections (property rights) and injunctive relief requiring the defendants to allow Chism Bail Bonds to continue its privilege to bond clients in Saline County; and a declaration that the acts and conduct of the judicial defendants violates Article 4, Section 2 of the Arkansas Constitution, which provides for separation of powers; and it requests the Court to enjoin the judicial defendants from promulgating orders relating bail bond companies.  Thereafter, the complaint also seeks compensatory and punitive damages.  In light of the fact that the Court would necessarily have to declare bail decisions of the judges in Saline County unconstitutional

before reaching the issue of the damages, the Court concludes that this fits within the limited exception recognized in *Amerson* whereby a damages claim could be dismissed pursuant to the *Burford* doctrine. Chism Bail Bonds' federal claims against Saline County are therefore dismissed pending disposition of its claims in the state courts. *Robinson*, 866 F.2d at 1045.

**E.    STATE-LAW CLAIMS.**

Because the Court has jurisdiction over Chism Bail Bonds' § 1983 claims, the Court has the authority to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(a) ("[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy . . . .") The district court may decline to exercise supplemental jurisdiction over a claim under § 1367(a) if the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Out of respect for the principles of federalism and for the courts of the State of Arkansas, the Court will exercise its discretion under 28 U.S.C. § 1367(c) to decline to exercise supplemental jurisdiction with respect to Chism Bail Bonds' state-law claims. *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) (stating that the district court should have declined pendant jurisdiction after dismissing the federal claims because of "the necessity to provide great deference and comity to state court forums to decide issues

involving state law questions"). Here, those concerns for deference and comity to the state courts are even more compelling.

Chism Bail Bonds may, if it chooses, proceed in state court on its state-law claims,[3] or petition the Arkansas Supreme Court for review of the actions of the judges, prosecutor, jail administrator, and sheriff. *Cf. Ingraham v. Wright*, 430 U.S. 651, 682-83, 97 S. Ct. 1401, 1418-19, 51 L. Ed. 2d 711 (1977) (procedural due process was not violated where students, who had received corporal punishment, had a tort cause of action in state court); *Republican Party of Ark. v. Kilgore*, 350 Ark. 540, 543, 98 S.W.3d 798, 799 (2002) (the court will grant a writ of *certiorari* "where a trial judge has plainly, manifestly, and clearly committed a gross abuse of discretion and acted in excess of his authority"); *Oliver v. Pulaski County Circuit Court*, 340 Ark. 681, 686, 13 S. W.3d 156, 159 (2000) (the court will grant a writ of *certiorari* "when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record"); *Ex parte Harbour*, 39 Ark. 126 (1882) (the Supreme Court of Arkansas, in the exercise of its power of superintending control over inferior tribunals, can review the decision of a circuit judge refusing bail).

## **CONCLUSION**

For the reasons stated above, Chism Bail Bonds' claims under 42 U.S.C. § 1983 against the individual defendants in their individual capacities are dismissed with prejudice based on judicial, prosecutorial, and quasi-judicial immunity. The Court abstains from adjudicating the § 1983 claims against Saline County (which includes the claims against the other defendants in their official

---

[3] Chism Bail Bonds may also, if it chooses, assert its claims under 42 U.S.C. § 1983 in state court. *Martinez v. California*, 444 U.S. 277, 283 n.7, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980). *See also* The Arkansas Civil Rights Act of 1993, ARK. CODE ANN. § 16-123-101 *et seq.*

capacities) and dismisses those claims without prejudice. The Court declines to exercise supplemental jurisdiction over Chism Bail Bonds' state-law claims, so those claims are dismissed without prejudice. The defendants' motions to dismiss are thus GRANTED. Documents #3, #5, #7, and #23.

IT IS SO ORDERED this 31st day of August, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE