# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3291
_____

| | |
|---|---|
| John Chism Bail Bonds, Incorporated, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *   Appeal from the United States |
| | *   District Court for the |
| | *   Eastern District of Arkansas. |
| Bruce Pennington, individually, and | * |
| in his official capacity as the elected | * |
| Sheriff of Saline County; Ray | *   [UNPUBLISHED] |
| Pennington, individually, and in his | * |
| official capacity as the jail | * |
| administrator for the Saline County | * |
| Jail; Ken Casady, individually, and in | * |
| his official capacity as the elected | * |
| prosecutor of Saline County 22nd | * |
| Judicial District; Judge Gary Arnold, | * |
| Saline County Circuit Court, Second | * |
| Division; Judge Bobby McCallister, | * |
| Saline County Circuit Court, First | * |
| Division; Judge Mike Robinson, | * |
| Benton District Court; Judge Grisham | * |
| Phillips, Saline County Circuit Court, | * |
| Third Division; Judge Robert Herzfeld, | * |
| Saline County Circuit Court, Fourth | * |
| Division; Judge Curtis Rickard, | * |
| Bryant District Court; Saline County, | * |
| Arkansas, | * |
| Appellees. | * |

_____

Submitted: December 13, 2010
Filed: March 2, 2011

———————

Before RILEY, Chief Judge, BEAM and BENTON, Circuit Judges.

———————

PER CURIAM.

  John Chism Bail Bonds, Inc. (JCBB) appeals part of the district court's[1] Fed. R. Civ. P. 12(b) dismissal of its civil rights lawsuit against certain public officials in Saline County, Arkansas (County).  See generally John Chism Bail Bonds, Inc. v. Pennington, 656 F. Supp. 2d 929 (E.D. Ark. 2009).  JCBB argues the district court erred in dismissing some of JCBB's 42 U.S.C. § 1983 claims against County Sheriff Bruce Pennington, County Jail Administrator Ray Pennington, and the County itself (collectively, the Pennington defendants).[2]  Because JCBB does not challenge any other portion of the district court's dismissal order, we need not consider the Arkansas Attorney General's forty-five page brief, tendered on behalf of the County's prosecutor and judges, in support of the judgment below.  See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740-41 (8th Cir. 1985) (holding the failure to raise an issue on appeal constitutes abandonment of that issue).

———————

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

[2]In their brief, the Pennington defendants wonder "why Saline County . . . is a party to this appeal."  We assume Saline County is a party because the official capacity claims against Bruce and Ray Pennington are claims against the County.  See Hafer v. Melo, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official."); Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

As relevant here, JCBB alleged the County's judges announced in a general administrative order that the County's courts would no longer accept cash or professional bonds, including JCBB's "credit bonds." A "credit bond" apparently refers to the "practice whereby a bail bondsman will extend credit to a detainee for the premium for the bond, as opposed to requiring payment for the premium before issuing the bond." John Chism Bail Bonds, 656 F. Supp. 2d at 931-32 n.1.

In one particular criminal case, Special Judge Meredith Wineland[3] set Boyce Williams's bond at $5,000 "as cash, professional, or anything acceptable by the Sheriff." Bruce Pennington and Ray Pennington decided to require Williams to post a "sheriff's bond" in lieu of one of JCBB's bonds. A "sheriff's bond" seemingly refers to "the practice whereby the sheriff accepts cash or property for bail in lieu of a bail bond from a professional bail bondsman." Id. at 932 n.2 (citing Ark. Code Ann. §§ 16-84-103(a)(2), 16-84-105(b), and 16-84-107(a)).

JCBB contends the Pennington defendants, in requiring a sheriff's bond, abridged JCBB's Fourteenth Amendment rights to procedural and substantive due process. These § 1983 claims, which JCBB refers to as the "Williams claim," are not explicitly discussed in the district court's order, but are controlled by the district court's broader holdings that JCBB's (1) individual capacity claims against Bruce and Ray Pennington are barred by quasi-judicial absolute immunity and (2) official capacity claims against the Pennington defendants should be dismissed under the abstention doctrines developed in R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941) and Burford v. Sun Oil Co., 319 U.S. 315 (1943). It is not surprising the Williams claim is not discussed in the district court's order, because, as the Pennington defendants observe, "[t]his is an appeal of a tiny sliver of what transpired below." Indeed, the amount in controversy here is apparently $500—JCBB's premium for Williams' bond.

---

[3]Judge Wineland was not one of the judges who issued the administrative order.

-3-

We agree with the district court's disposition of the Williams claim. Reviewing the dismissal of the individual capacity claims de novo, see Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997), we hold quasi-judicial absolute immunity protects the sheriff and jail administrator in their joint decision to require a sheriff's bond before releasing Williams.  See Robinson v. Freeze, 15 F.3d 107, 109 (8th Cir. 1994) (holding quasi-judicial absolute immunity protects persons other than judges when they perform certain delegated judicial powers); cf. Curry v. Castillo (In re Castillo), 297 F.3d 940, 952-53 (9th Cir. 2002); Whitesel v. Sengenberger, 222 F.3d 861, 867-70 (10th Cir. 2000); Wilson v. Kelkhoff, 86 F.3d 1438, 1443-45 (7th Cir. 1996). Similarly, reviewing the dismissal of JCBB's official capacity claims against the Pennington defendants for an abuse of discretion, see Night Clubs, Inc. v. City of Fort Smith, Ark., 163 F.3d 475, 479 (8th Cir. 1998), we hold the district court did not abuse its discretion by abstaining in light of the uncertainty of the relevant decisional rules and the Arkansas state courts' greater expertise in this area.  See Pullman, 312 U.S. at 501; Burford, 319 U.S. at 327-34.  The district court understandably declined to interfere in the County's bail bond practice, leaving this local dispute for the Arkansas courts to resolve in the first instance.

We affirm the judgment of the district court.

_____

# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

March 02, 2011

Mr. Charles Daniel Hancock
HANCOCK & LANE
610 E. Sixth Street
Little Rock, AR  72202

RE:  09-3291  John Chism Bail Bonds, Inc. v. Bruce Pennington, et al

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

SRD

Enclosure(s)

cc: Mr. George D. Ellis
    Ms. Suzanne Hixson
    Mr. Jim McCormack

District Court/Agency Case Number(s):   4:09-cv-00427-JLH



09-3291 John Chism Bail Bonds, Inc. v. Bruce Pennington, et al "per curiam opinion filed"
8cc-cmecf-nda
to:

03/02/2011 08:30 AM
Show Details

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

**Eighth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was filed on 03/02/2011

| | |
|---|---|
| **Case Name:** | John Chism Bail Bonds, Inc. v. Bruce Pennington, et al |
| **Case Number:** | 09-3291 |
| **Document(s):** | Document(s) |

**Docket Text:**
PER CURIAM OPINION FILED - THE COURT: WILLIAM JAY RILEY, C. ARLEN BEAM and DUANE BENTON (UNPUBLISHED) [3761380] [09-3291] (SRD)

The following document(s) are associated with this transaction:
**Document Description:** opinion
**Original Filename:** 093291U.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=03/02/2011] [FileNumber=3761380-0]
[4d9a721d74dc3bd332c61ecae89f083712fd7a6fc8fe034ad7f7bf62f91580be9ab3f3b870e3b12c6b548b0d0f9744f471192256e256ac6050ac7471ecee7b52]]

**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/sduenow_093291_3761380_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=03/02/2011] [FileNumber=3761380-1]
[4a2817c7d2f2f67f0e435f307463f1977c08d3bfd9cff0ab0c93c90494c0d354545685b720450257f7f0aeedd729d4f00f53976924daf93af52a79c55b6b8946]]
**Recipients:**

- Mr. Ellis, George D.
- Mr. Hancock, Charles Daniel
- Ms. Hixson, Suzanne, Assistant Attorney General
- Mr. McCormack, Jim, Clerk of Court

**Notice will be electronically mailed to:**

Mr. Ellis, George D.: gellisinbenton@swbell.net, rbmalone@hotmail.com
Mr. Hancock, Charles Daniel: hancock@hlblawfirm.com
Ms. Hixson, Suzanne, Assistant Attorney General: suzanne.hixson@arkansasag.gov, barbara.dailey@arkansasag.gov, agcivil@arkansasag.gov
Mr. McCormack, Jim, Clerk of Court: ared_appeals@ared.uscourts.gov

**Notice will be mailed to:**

Mr. McCormack, Jim, Clerk of Court
U.S. DISTRICT COURT
Eastern District of Arkansas
600 W. Capitol Avenue
Room A149
Little Rock, AR 72201-0000

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 3761380
**RELIEF(S) DOCKETED:**
  not for publication
**DOCKET PART(S) ADDED:** 4328395, 4328396, 4328397